[S. F. No. 276.   In Bank.—July 22, 1897.]

THE PEOPLE ex rel. R. H. WARFIELD, Respondent, v. SUTTER STREET RAILWAY COMPANY, Appellant.

Street Railway—Action for Usurpation of Franchise—Ineffectual Dismissal by Ex-attorney General—Authority of Successor.— Where the attorney general, just before the expiration of his term of office, made a minute of his purpose to dismiss an action, brought by him in the name of the state upon the relation of an individual, to have it declared that a street railway company defendant usurped and unlawfully exercised the franchise of a street railway, but did not apply to the court for an order of dismissal, and, after the expiration of his term of office, sent a communication to the defendant, in which he "ordered that the action be, and the same is hereby, dismissed," such communication and attempted dismissal are ineffectual, and the succeeding attorney general is entitled to prosecute the action.

Id.— Forfeiture of Franchise — Failure to Construct and Operate Railway—Partial Construction—Simulated Service—Pleading— Unambiguous Complaint — Single Cause of Action.—A complaint which alleges the granting of a franchise by city ordinance to construct, maintain, and operate a street railroad along five streets named therein; that no part of the right of way or franchise granted has been abandoned; that the defendant company has acquired the same by assignment; that the work of constructing the street railway was not commenced within one year after the franchise was granted, but that thereafter street railway tracks were constructed along two of said streets only, and that no acts have been done toward operating a street railway thereon, except that a single car is run once a day along said tracks, not to accommodate the public or to carry passengers, but to hold the franchise, and that defendant has never attempted to operate the road as and for the purpose of accommodating the public, is not

ambiguous, nor does it unite two or more causes of action, but states a single cause of action to enforce a forfeiture of the franchise for failure to construct and operate the street railroad in accordance with the terms of the grant.

ID.—EXTENSION OF TIME TO COMPLETE TRACK—POWER OF SUPERVISORS— FAILURE TO ABANDON UNCONSTRUCTED PARTS. — The time within which the construction of the track must be completed is fixed by section 502 of the Civil Code; and, under that section (as it stood prior to the amendment of 1895), no different period could be fixed by the terms of the grant of franchise, nor had the supervisors any power to extend the time, nor to fix a limit within which the time prescribed in the statute should not commence to run; and, where the streets are not graded in time, the ungraded parts must be abandoned with consent of the board, else the franchise is subject to forfeiture.

ID.—POWER TO GRANT FRANCHISE—STATUTORY LIMITATION.—No valid franchise can be granted by the supervisors which conflicts with the general statutes.

ID.—JURISDICTION OF SUPERIOR COURT—WRITS OF QUO WARRANTO—AC- TION FOR FORFEITURE OF FRANCHISE — CONSTRUCTION OF CONSTITU- TION—REMEDY NOT EXCLUSIVE.—The grant by the constitution of 1879 to the superior court of the power to issue writs of *quo warranto* does not make that remedy exclusive, or impair the jurisdiction of the court over a regular action to obtain a judgment declaring the forfeit- ure of a franchise.

ID.—INFORMATION BY ATTORNEY GENERAL—CONTROL OF ACTION—RELA- TION OF PRIVATE INDIVIDUAL.—The proceeding in an action to forfeit a franchise is by information of the attorney general, who has control of the action; and the proceeding is not properly by relation, unless the relator has an interest in the proceeding; nor does the addition of the name of the relator, whose name is unnecessarily added, convert the proceeding into a private action.

ID.—POWER OF CITY TO WAIVE FORFEITURE—ESTOPPEL—QUESTIONS UN- DECIDED.—The power of the city to waive a forfeiture of a street rail- way franchise, or to be estopped in respect thereto, discussed, but not authoritatively decided, there being no proof of any act of waiver or estoppel.

ID.—CONSTRUCTION OF CIVIL CODE — EFFECT OF AMENDMENT—REPEAL— CONTINUOUS PROVISIONS—TIME TO COMPLETE ROAD—FORFEITURE.— The amendment of section 502 of the Civil Code in 1895, by authorizing the board granting the franchise to fix the time for granting and con- tinuing the work, and allowing them to extend the time therefor, did not operate to repeal the old section; but the portions thereof copied into the amended section without change are not to be considered as re- pealed and again re-enacted, but to have been the law continuously; and the terms of the former law, as to the time within which the work must be done, and as to the forfeiture being continuous, are applicable to a street railway company, which had forfeited its franchise thereunder, notwithstanding the passage of the amendment after the action was com- menced, and before the trial thereof.

ID.—PROOF OF NONUSER OF FRANCHISE—SHAM PRETENSE OF USER.—The nonuser of a street railway franchise is clearly established by proof

that there was a sham pretense of user, by running but one car a day, without intending to accommodate the public, and which could have had no effect in that direction.

ID.—POWER TO IMPOSE FINE—REASONABLENESS OF FINE—APPEAL.—The court declaring the forfeiture of the franchise has power to impose a fine, and the amount fixed, though large, will not be disturbed upon appeal, where the appellate court cannot, under the circumstances of the case, declare it to be unreasonable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Naphtaly, Freidenrich & Ackerman*, for Appellant.

The attorney general had power to dismiss the action independently of the relator.  (*State* v. *Douglas County Road Co.*, 10 Or. 198.)  A mere unlawful claim of right is not ground for an action for the usurpation of a franchise.  (*People* v. *Thompson*, 16 Wend. 655.)  This action could not be maintained by the attorney general upon relation of a private party; but there should be a writ of *quo warranto* from the superior court.  (Const. 1879, art. VI, sec. 5.)  The entire matter of control of the streets of the city is subject to the municipal government under the constitution of 1879 and the amendments thereto.  (*People* v. *Holladay*, 93 Cal. 248; 27 Am. St. Rep. 186; Const., art. XI, sec. 6, as amended last election; *Market Street Ry. Co.* v. *Central Ry. Co.*, 51 Cal. 583; *New Orleans etc. R. R. Co.* v. *New Orleans*, 44 La. Ann. 748; *Chicago etc. R. R. Co.* v. *Joliet*, 79 Ill. 25, 37; *Atlanta* v. *Gate City etc. Co.*, 71 Ga. 106, 125; *State* v. *Fourth etc. Turnpike*, 15 N. H. 162; 41 Am. Dec. 690; *Martel* v. *East St. Louis*, 94 Ill. 67; *Trustees* v. *Zanesville etc. Co.*, 9 Ohio, 203, 290; *State* v. *Mississippi etc. R. R. Co.*, 20 Ark. 495; *In re New York etc. R. R. Co.*, 70 N. Y. 338; *State* v. *Taylor*, 28 La. Ann. 460.)  The amendment of section 502 of the Civil Code, before trial of the cause, abrogated the old law (*State* v. *Andrews*, 20 Tex. 230), and destroyed its penalty.  (23 Am. & Eng.

Ency. of Law, 509; Sedgwick on Statutory Construction, 108.)   Section 809, under which the fine was imposed, was in force under the old constitution, but under the new constitution of 1879 there is no authority to impose a fine.   Statutes imposing penalties must be strictly construed against the penalty.   (*Irvine* v. *McKeon*, 23 Cal. 472; *Moore* v. *Lent*, 81 Cal. 502.)   No fine can be imposed except in a criminal prosecution, which this is not.   (Const., art. VI, sec. 20.)   The city has waived all right of action, and estopped itself, by recognition of the franchise.   (*Santa Rosa City R. R.* v. *Central Street Ry. Co.*, 112 Cal. 436; *New Orleans etc. R. R. Co.* v. *New Orleans, supra; Chicago etc. R. R. Co.* v. *Joliet, supra; Atlanta* v. *Gates City Gas Light Co., supra; State* v. *Fourth etc. Turnpike, supra; Martel* v. *East St. Louis, supra; Trustees* v. *Zanesville etc. Co.*, 9 Ohio, 203; *State* v. *Mississippi etc. R. R. Co., supra; In re New York etc. Ry. Co., supra; State* v. *Taylor, supra.*)

*W. F. Fitzgerald, Attorney General,* and *Freeman & Bates,* for Respondent.

The action was not properly dismissed by the ex-attorney general.   (*Attorney General* v. *Barstow*, 4 Wis. 567; *People* v. *Clark*, 72 Cal. 289; *People* v. *North etc. Assn.*, 38 Cal. 564.)   There was no ambiguity in the complaint, nor misjoinder of causes of action.   (*State* v. *Milwaukee etc. Co.*, 45 Wis. 579.)   The city had no authority to waive a forfeiture of the franchise, as the state only could bring the action to enforce it.   (Code Civ. Proc., sec. 803.)   The amendment to section 502 of the Civil Code did not waive any existing forfeiture, nor operate as a repeal of the former law.   Its only effect was to modify the law applicable to future transactions.   (*Ely* v. *Holton*, 15 N. Y. 598; *Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *People* v. *Briggs*, 114 N. Y. 63; *People* v. *Supervisors*, 67 N. Y. 109, 117; 23 Am. Rep. 94; *Matter of Miller*, 110 N. Y. 223.)   If any cause of forfeiture exists, it applies to the whole franchise.   (*People* v. *Bristol*

*etc. Co.*, 23 Wend. 245; *People* v. *Kankakee River Imp. Co.*, 103 Ill. 491.) Neglect of public duty is ground for forfeiting the franchise of a corporation. (Morawetz on Corporations, sec. 1021; Angell and Ames on Corporations, sec. 776.) The failure to operate a railroad is ground of forfeiture of the franchise. (*State* v. *Minnesota etc. Ry. Co.*, 36 Minn. 246, 248.)

TEMPLE, J.—This is an information filed by the attorney general, on the relation of R. H. Warfield, to have it declared that the defendant usurps and unlawfully exercises the franchise of maintaining tracks and switches upon and along Bush street and Central avenue in San Francisco, and that by such judgment defendant be excluded from the privilege of maintaining and operating any street railway, or any part thereof, upon and along any of the parts of said streets and avenues described in a certain ordinance, and that all the rights and franchises acquired by said ordinance be adjudged and declared forfeited, and for a fine not exceeding five thousand dollars.

The complaint sets out a certain ordinance of the city and county of San Francisco granting to certain named parties the right to construct, maintain, and operate for the term of forty-four years a single or double track street railroad along and upon the following streets in the city and county of San Francisco, to wit: commencing at the intersection of Market and Bush streets, thence along said Bush street to Central avenue, thence along Central avenue to Sacramento street, thence along Sacramento street to First avenue, thence along First avenue to D street, and thence along D street to the ocean beach. It is averred that no part of said right of way or franchise has been abandoned.

It is alleged that defendant has acquired said franchise by assignment. It is stated that the work of constructing said street railway was not commenced within one year after the franchise was granted, but that in 1888 the construction was begun, and that a street rail-

way was constructed along Bush street to Central avenue and along Central avenue to California street, but no railway has been constructed upon any other street mentioned in said ordinance.

It is further charged that no acts have been done toward operating a street railway over any portion of the right of way, except that a single car is run once each day along said tracks which have been constructed. Such car has not been run to accommodate the public or to carry passengers, but to hold the franchise and'to prevent the granting of such franchise to others. That Bush street runs through a densely populated part of the city. The defendant has never attempted to operate the road as or for the purpose of accommodating the public or any part of it. A demurrer was interposed which was overruled, and the defendant answered.

The facts are found as alleged in the complaint. On the twenty-eighth day of January, 1895, defendant moved the court to dismiss the action on the ground that on the fifth day of January, 1895, the attorney general of the state of California had, by an order made on that day, ordered the action to be dismissed.

The "order" was produced and purported to be signed by W. H. H. Hart as attorney general. On the fifth day of January W. H. H. Hart was attorney general, but on the twenty-eighth day of January W. F. Fitzgerald held that office. Fitzgerald entered upon the duties of his office Monday, the seventh day of January, at 12 o'clock, M. It appeared that on the 5th of January, 1895, General Hart concluded to dismiss the action and made a minute of such determination. In the afternoon of January 7th, and after the expiration of his term, he mailed to the special attorneys for relator and to the attorneys for defendant notice of such determination. The letter concluded as follows: "It is therefore ordered that the above-entitled action be and the same is hereby dismissed." The attorney general was, however, only an attorney of a party and could not thus dismiss a pending case. He must apply to the court

for such action, and when the application was made Hart had ceased to represent the plaintiff.   He had ceased to have any authority over the matter when he signed and sent the letter which purports to be an order of dismissal.   There could not be at the same time two attorneys general, and it is of no moment if the attorney general gave Hart permission to continue to act as such. The attorney general has filed a brief in this court for the respondent and has continued to prosecute the action.

1. The complaint is not ambiguous in that it asserts that defendant usurps and unlawfully holds and exercises a franchise to maintain in and upon Bush street a street railway while it also alleges that defendant has never operated a street railway on Bush street.   The whole pleading makes it plain that defendant has a franchise to the effect indicated, of which a forfeiture is claimed because it has never operated a street railway for the convenience of the public, but for more than six years has maintained a pretended and simulated service only.

2. Two or more causes of action are not united in the complaint.   To allege that defendant unlawfully exercised and wrongfully claims the right to exercise a franchise and that it claims the right to lay tracks and make switches is not to unite two causes of action.

3. It is claimed that the complaint states no cause of action because it avers that upon the tracks which defendant has constructed it has not at any time operated a street railway.   And it is contended that an action for usurpation will not lie unless the defendant is using the franchise.   As authority for this proposition *People v. Thompson*, 16 Wend. 655, is cited.

In that case it was alleged that defendants usurped the right to be a corporation.   In such a case, of course, the public has no interest in the matter if defendants only claim to be a corporation but do not attempt to act as such.   In this case a franchise was granted to defendant's assignors to lay down and operate on cer-

tain public streets a street railway. One condition of the grant was that the grantees should commence the work within one year and complete the same within three years. If the road is not built and operated in accordance with the grant, a forfeiture is expressly declared, and the public is interested in having the franchise out of the way that the right may be granted to another.

But the complaint proceeds to aver that the defendant now usurps and unlawfully holds and exercises the franchises of maintaining in and upon Bush street between Kearny and Webster streets the tracks and switches of a street railway, and pretends to operate the same by running over the track one car every day, but not with the intent of accommodating the public.

It is shown that defendant has abandoned no portion of its line. The supervisors had no power to extend the time within which the track must be completed. That is fixed by the statute, section 502 of the Civil Code, and a different period cannot be fixed in the grant of the franchise. The provision in the franchise that the time shall not commence to run, if valid, might have the effect to extend the franchise for more than fifty years, contrary to section 497 of the Civil Code. No valid franchise can be granted by the supervisors which conflicts with the general statutes. If the street were not graded in time the defendant should have abandoned the ungraded streets.

4. I see nothing in the fact that by the constitution of 1879 superior courts have jurisdiction to issue writs of *quo warranto* which affects the question. This special grant of jurisdiction is not exclusive. This is in reality an action to obtain a judgment declaring a franchise forfeited. It admits the existence of the franchise, but for the dereliction by reason of which it is claimed the rights conferred have been forfeited. This may be done by a proceeding strictly in form of a *quo warranto*, but there is no reason why the proceeding may not be

by a regular action.   In fact, there is now so little difference that it is hardly worthy of discussion.

The proceeding is by information by the attorney general.   When the proceeding is in the interest of private persons, in whole or in part, they are said to be by relation, and under the provisions of the code the relator may be required to give security for costs.   The information, however, that is, the complaint, is signed and filed by the attorney general as attorney, and doubtless as attorney he has control of the action.   I know of no such distinction as that made by counsel and attributed to the late attorney general.   If the proceeding is one in which a private person can have no interest, the proceeding is not properly by relation.   But the attorney general had the power to institute the proceeding, and in either form it is by him.   If unnecessarily he has added that it is by relation of a named person, that does no harm.   It does not convert the proceeding into a private action.

5. I am unable to discover any act on the part of the city by which a forfeiture was waived, if it were conceded that a forfeiture could be waived by the city.   No right is acquired by maintaining an obstruction in the street.   Statutes of limitation do not run in favor of such a trespasser.   If the law be, as is claimed by some, that such a franchise is not lost until it has been declared forfeited in a judicial proceeding, the city could but acquiesce.   It has no power to institute an action to secure a forfeiture.   That power is vested in the attorney general.   As it could not enforce a forfeiture it could not waive it.   The city cannot be estopped in respect to a matter over which it has no power.   There is no statute which requires the municipal authorities to request the institution of such a suit, or which gives any force to such a request should it be made.

6. In 1895, section 502 of the Civil Code was amended by authorizing the board granting the franchise to fix the time for beginning and for completing the work, also empowering the board to extend the time

for completion of the work.    The forfeiture clause is the same as before, and the amendatory act concludes: "Provided further that this act shall not affect any franchise or right of way granted before its passage."

This action was commenced before the amendment, but was tried after the new law became in force.

The board of supervisors have not granted any extension of time, but the contention is that the old law was by the amendment repealed, and as there was no saving clause the right to insist upon a forfeiture is lost.    By the repeal of an act prescribing a penalty the right of action to recover a penalty already incurred is gone.

But the old section was not repealed by the amendment.    In *Central Pac. R. R. Co.* v. *Shackelford,* 63 Cal. 261, this court quoted with approval the following language from *Ely* v. *Holton,* 15 N. Y. 598: "The portions of the amended section which are copied without change are not to be considered as repealed and again re-enacted, but to have been the law all along."    The new section repeats the language of the former law as to the time within which the work must be done and as to the forfeiture.    These, therefore, have not been repealed, and do not begin with the amendment.    To the section as it has been all along is added a provision giving certain powers to the board.    The effect, then, of the provision above quoted is that the new provisions do not affect existing franchises; that as to them the board cannot extend the time for completion.    But the clause declaring the forfeiture has not been repealed.

7. I think the fact of nonuser was shown beyond question.    The board of supervisors has the power to grant such franchises in the interest of the public and to facilitate travel.    The pretense of running was clearly a sham.    It was not intended thereby to accommodate the public, and it could have no effect in that direction.

8. I see no reason to doubt the power of the court to impose a fine.    The amount seems very large, but I cannot say that it was unreasonable.    The franchise

had been granted for ten years; for more than six years the track had been laid on Bush street. This was in a thickly settled portion of the city. The circumstances show conclusively that the franchise was held not to convenience the public and to facilitate travel, but to prevent the facilities for travel, and thus force patronage upon the Sutter street line.

The judgment and order are affirmed.

HENSHAW, J., and HARRISON, J., concurred.

BEATTY, C. J., being disqualified, did not participate in the foregoing.

GAROUTTE, J., concurring.—I concur in the affirmance of the judgment, and also in the views declared by Justice Temple in nearly all respects. There is nothing in the record indicating an estoppel against the city, or showing a waiver of forfeiture upon its part. For these reasons I leave the matter open as to the legal *status* of the city in relation to waiver and estoppel as pertaining to franchises of this character.

McFARLAND, J., dissenting.—I dissent. In my opinion the merits of the controversy here involved could be determined only in an action brought by the city and county of San Francisco against the appellant to remove its tracks and switches from Bush street. The attorney general who authorized this present proceeding was satisfied that it should not have been instituted, and endeavored to dismiss it; but, although he drafted an order of dismissal on January 5, 1896, he did not sign it, owing to delay in copying, until an hour or two after 12 o'clock M. on January 7th, at which latter time his successor had taken possession of the office in accordance with the prevailing custom, and I presume that for this reason it must be held that the order of dismissal was technically ineffective.

Section 803 of the Code of Civil Procedure, and succeeding sections upon which the present proceeding

was based, provide for what is, in its nature, a criminal prosecution. They provide for a maximum fine of five thousand dollars, which is about the severest punishment allowed by our criminal law short of imprisonment, and in the present case the extreme penalty was imposed. Evidently, therefore, these provisions should not be applied to any case not clearly within them.

It is strenuously contended by appellant's counsel that since the present constitution provides for the writ of *quo warranto*, under that writ alone, brought by the attorney general in the name of the people, and not on the relation of a private person, can there be such an inquiry as the one sought to be inaugurated in the case at bar; but it is not necessary to pass on that question, because, in my opinion, the judgment in the present proceeding cannot, for other reasons, be affirmed.

The chapter of the code which contains the sections in question is entitled, "Actions for the usurpation of an office or franchise," and nearly all its sections refer expressly to an "office." Still, section 803 does mention "any franchise"; but surely these provisions, including the extreme penalty which they put in the power of a judge to impose, should be held to be confined to an office or something that beyond doubt is, in a legal sense, a "franchise." Section 803 provides that the proceeding may be instituted against any person who "usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any *franchise* within the state." Now, the only material *fact* found in the case at bar is, that appellant unlawfully exercised what is called *the franchise* "of maintaining in and upon Bush street in said city, between Kearny and Webster streets, the tracks and switches of a street railway," and has claimed the right to complete it to and over certain other streets, and to maintain a railway track thereon. But that was not a "franchise"; it was a mere right of way. There has always been a well-defined distinction between "ways" and "franchises," and they are put into distinct categories of

property by Blackstone and Kent, and all other standard writers on the subject. (*Spring Valley Water Works* v. *Barber*, 99 Cal. 36.) A way may be granted by a private person; a franchise can be granted only by the government, and it is a sovereign prerogative existing in the hands of a subject. A way belongs to the same species of property whether granted by government or by a private person. The ownership of a way granted by public authority is no more a franchise than is the ownership in fee of land conveyed from the government to an individual by a patent. The codes themselves clearly make the distinction, for, in section 502 of the Civil Code, in the title, " Street Railroad Corporations," it is provided that a failure to do certain things "works a forfeiture of the right of way *as well as* of the franchise." This distinction runs through all civil rights and proceedings, and, of course, the fullest force must be given to it when it is invoked in a procedure which is substantially criminal; in which the judge of a court may base his finding upon what he considers a preponderance of evidence, or upon conflicting evidence, in which case the finding could not be disturbed on appeal; where nine jurors could render a verdict; and where the judge, without regard to the rules of procedure and evidence which obtain in criminal cases, could inflict an exceedingly severe punishment. If the appellant has any franchise which would subject it to the provisions of section 803, it is such as was granted by its incorporation, under the laws of the state, such as, to be a corporation, to exercise certain granted corporate rights, to collect fares, etc.—of which the mere right of way is not one. The franchise which, in the case at bar, is sought to be brought within the provisions of section 803, is alleged to have been granted by the board of supervisors of the city and county of San Francisco, and it is doubtful if the board had any power to grant any franchise to a railroad company (see sections 497, et seq., of Civil Code, and other sections there referred to, and section 4046 of the Political

Code); but, at all events, the right of way which is here involved is not such franchise.

These views make it unnecessary to discuss many other contentions made by appellant—as, for instance, that under the constitution no fine can be imposed except in a criminal prosecution in the name of the people; that the city and state have waived their rights in the premises, and are estopped by acquiescing for many years in the rights of appellant here sought to be forfeited, and inducing appellant to spend large sums of money in building its road, and by assessing and accepting taxes thereon; and that there was, in fact, no forfeiture of appellant's right of way.   I think, however, that the court erred in ruling out evidence offered by appellant to show that some of the streets mentioned in the ordinance in question had not been graded and sewered, and that it had completed the road within three years upon the streets that had been so graded and sewered. The ordinance provided in terms that the time should not commence to run until there had been such grading and sewering; and I think that at least with respect to that part of the code which is in its nature a criminal procedure, and for the purpose of the proper exercise of the discretion of the court as to the amount of the penalty to be imposed, or as to whether any penalty at all should be imposed, the offered evidence was proper and admissible.   It certainly was pertinent to the *intent* of the appellant, which is an important element of a criminal act.

For the reasons above stated I think that the judgment and order appealed from should be reversed.

Rehearing denied.