[Civ. No. 11273. Second Appellate District, Division One.—June 7, 1937.]

TTE PEOPLE OF THE STATE OF CALIFORNIA, Petitioner and Respondent, ex Rel. JOHN M. CAGE, Relator and Appellant, v. PETROLEUM RECTIFYING COMPANY OF CALIFORNIA (a Corporation), Defendant and Respondent.

Jerrell Babb, Lewis D. Collings and Edward M. Selby for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Petitioner and Respondent.

Bauer, Macdonald, Schultheiss & Pettit, Lyon & Lyon and Fred E. Pettit, Jr., for Defendant and Respondent.

HOUSER, P. J.—▉▉▉ The question which is involved in the instant appeal relates to the right of the attorney-general of this state to direct the dismissal of a proceeding in the nature of *quo warranto* which theretofore, at the instance of an informant, the attorney-general had authorized to be instituted and maintained, and as incidental to such question, the further inquiry regarding the right of the relator to prosecute the instant appeal, which purports to be from an order which was made by the superior court by which a motion which prior to that time had been made by the relator to vacate the order of dismissal of the said proceeding which theretofore had been made by the court, was denied. More briefly stated, the question is: A proceeding in the nature of *quo warranto* having been duly commenced at the instance of a relator, who, thereafter, is entitled to control it?

Prior to the filing of briefs on the merits herein, a motion to dismiss the appeal was denied by this court, without prejudice to the right at this time to again present the points which had been urged on said motion to dismiss the appeal.

In substance and effect, by decisions that have been rendered by the Supreme Court of this state, in principle, if not directly, both of the questions that are here suggested have been completely answered; hence, at least as far as concerns any court of lesser jurisdiction than that possessed by the Supreme Court, it would be a useless effort to devote time and energy to a discussion which might lead either to a concurrence with, or to a dissent from, the views which heretofore have been expressed with reference to the power of the attorney-general in the premises, or to the lack of authority on the part of the relator to exercise any semblance of control of what may be termed the mechanical processes in the proceeding.

In the case of *People* v. *Sutter Street Ry. Co.*, 117 Cal. 604, 612 [49 Pac. 736], it was said: "The proceeding is by information by the attorney-general. When the proceeding is in the interest of private persons, in whole or in part, they are said to be by relation, and under the provisions of the code the relator may be required to give security for costs. The information, however, that is, the complaint, is signed

and filed by the attorney-general as attorney, and doubtless as attorney he has control of the action. I know of no such distinction as that made by counsel and attributed to the late attorney-general. If the proceeding is one in which a private person can have no interest, the proceeding is not properly by relation. But the attorney-general had the power to institute the proceeding, and in either form it is by him. If unnecessarily he has added that it is by relation of a named person, that does no harm. It does not convert the proceeding into a private action.''

It thus affirmatively appears not only that the fact that the proceeding is entitled ''by relation'' does not convert it ''into a private action'', but as well, that ''in either form . . . the attorney-general as attorney, . . . has control of the action''.

But the most persuasive case with relation to the decisive points here at issue is that of *People* v. *Reclamation Dist. No. 108,* 169 Cal. 786 [147 Pac. 1176], wherein the entire opinion by the court is expressed in one short paragraph, as follows:

''In this action *quo warranto* instituted by the people of the state of California upon the relation of appellants, the *relators alone* are attempting to appeal from a judgment for defendant given upon sustaining a demurrer to the complaint. The notice of appeal states that they take the appeal 'because they are parties in interest and because the attorney-general declines to take an appeal in the name of the state'. Under our law such an action may be brought and maintained only by the attorney-general in the name of the people of the state, and the relators are not 'parties' to the action. An attempt to appeal by them alone is necessarily ineffectual for any purpose.''

The language employed in that opinion is very clear, and in itself is determinative of the instant appeal; that is to say, that irrespective of the merits of the case, as may have been disclosed by the pleadings that were presented in the lower court, and even in the face of the fact that the attorney-general ''declines to take an appeal in the name of the state'', an attempted appeal by the relators is ''ineffectual for any purpose''; in other words, as far as the prosecution of the action is concerned, that the attorney-general is in absolute and complete control of the conduct of the proceedings, and

that no matter what the nature or the extent of the interest which the relators may have therein, they are not "parties to the action", and consequently can exercise no control with reference thereto.

To the same effect, see *People* v. *Milk Producers Assn.*, 60 Cal. App. 439 [212 Pac. 957].

Many other California authorities might be cited which recognize the existence of legal principles which lie at the foundation of those to which attention hereinbefore has been directed. It is deemed unnecessary so to do. On the other hand, the several authorities which are cited in appellant's brief upon the questions here presented, are distinguishable in their respective facts from those which we deem to be controlling herein.

It is ordered that the appeal be, and it is, dismissed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1937.