[Civ. No. 4771. Fourth Dist. Oct. 28, 1954.]

THE PEOPLE ex rel. SOUTHWEST EXPLORATION COMPANY (a Corporation), Respondent, v. CITY OF HUNTINGTON BEACH et al., Appellants.

C. A. Bauer, City Attorney, and E. J. Marks for Appellants.

Edmund G. Brown, Attorney General, William V. O'Connor, Chief Deputy Attorney General, John F. Hassler, Deputy Attorney General, C. LaV. Larzelere, H. F. Clary, Paul S. Ottoson, A. E. Stebbings, Sheppard, Mullin, Richter & Balthis, James C. Sheppard and Cameron W. Cecil for Respondent.

BARNARD, P. J.—This is an appeal from an order granting a new trial. The action is one in quo warranto to test the validity of a proceeding by which it was sought to annex 9 square miles of ocean area to the defendant city. It was brought pursuant to leave to sue in the name of the People of the State of California which was granted by the attorney general. This permission has never been revoked or modified. The complaint was entitled: "The People of the State of California, upon the Complaint of *Southwest Exploration Company, a California Corporation, Relator,* v. *City of Huntington Beach* (and certain of its officers)." It was signed by the attorney general and several attorneys for the relator. A deputy attorney general assisted at the trial, which was mainly conducted on the part of the plaintiff by one of the attorneys for the relator. In the signing of stipulations, in serving notices and pleadings, and in all other respects up to and including the notice of entry of judgment, the attorneys for the defendants consistently recognized the attorneys for the relator as being attorneys in the action.

A judgment in favor of the defendants was entered, and notice thereof was given on April 8, 1953. A notice of intention to move for a new trial was filed on April 16, 1953, giving notice that the "plaintiff-relator" would make application to the court for an order granting a new trial on all the issues involved. This notice was signed by the attorneys for the "Plaintiff Relator," including Cameron W. Cecil, but was not signed by the attorney general or any of his deputies. The motion for a new trial, first set for hearing on May 8, was continued to May 15, 1953. On that date, without passing on the motion for a new trial, the court entered a minute order reciting that the defendants' objection

to the hearing of the motion was sustained "on the ground that the motion was not made by the attorney general and that relator could not make such a motion, and that the court has no jurisdiction to hear the motion."

On May 22, 1953, notice was filed that "the plaintiff-relator, The People of the State of California, ex rel Southwest Exploration, a California Corporation," would on May 29 move the court "for an order (1) to reconsider and to set aside and to vacate its order denying a hearing on the Motion for New Trial and (2) for a hearing on the Motion for New Trial." The notice stated the grounds upon which these motions would be made; and that they would be based upon an affidavit and points and authorities filed therewith, and upon the records in the case including the leave to sue. The affidavit of John F. Hassler filed therewith stated, among other things, that at all material times he has been a deputy attorney general and one of the attorneys for the plaintiff-relator in this action; that authority to bring the action was given by the attorney general, his regulations had been complied with, and such authority has not been revoked or modified; that pursuant to such leave and to such regulations Cameron W. Cecil was expressly authorized by the attorney general to appear as attorney of record for and to represent the plaintiff-relator, to sign all notices of motion, stipulations, briefs and other papers, and to make and present such motions and arguments as might be necessary; that said Cecil as such counsel has prepared and submitted to the attorney general for consideration and approval all papers filed on behalf of said plaintiff-relator, and such papers were filed upon the instruction of the attorney general; that specifically this notice of intention to move for a new trial was filed on April 16 upon the instruction of the attorney general; and that said Cecil was instructed by the attorney general to appear and present said motion, on behalf of the plaintiff-relator, on May 15, 1953. A copy of the regulations involved, as set forth in title II of the Administrative Code, and 14 pages of points and authorities were also filed.

These motions were heard on May 29, at which time the defendants objected to any hearing on the grounds that no motion for a new trial was pending, and that the complaint failed to set forth facts sufficient to constitute a cause of action. These objections were overruled and the motions to vacate the former order and for a hearing on the motion for a new trial were taken under submission. These motions

were granted on June 3, and the motion for a new trial was then argued and submitted. On June 8, 1953, an order was entered granting the motion for a new trial, insufficiency of the evidence being one of the grounds, and ordering that the new trial should be limited to the question of whether the defective notice of the annexation proceedings was waived so as to render said proceeding valid. The defendants have appealed from that order.

Appellants' main contention is that the court had no jurisdiction to make its order granting a new trial since no valid notice of intention to move for a new trial was here given. It is argued that this action was brought under the provisions of section 803 of the Code of Civil Procedure, which provides that the action may be brought by the attorney general on behalf of the People of the state either with or without a relator; that whether or not a relator is used the People of the state are the plaintiff and the attorney general is the attorney of record for that plaintiff; that it has been consistently held that a notice of intention to move for a new trial must be signed by the attorney of record for the moving party; and that since the notice in question was not signed by the attorney general the court was without jurisdiction to hear or grant that motion.

Section 803 provides that such an action may be brought by the attorney general in the name of the People either upon his own information or upon a complaint of a private party. While the action may be brought in the name of the People the statute recognizes that a private party may have an interest therein. "When the proceeding is in the interest of private persons, in whole or in part, they are said to be by relation," and the relator may be required to give security for costs. (*People* v. *Milk Producers Assn.*, 60 Cal.App. 439 [212 P. 957].) ▮ In either form of the action, whether directly or by relation, it is well settled that the attorney general has control of the action at all times, that he may direct its dismissal, and that the relator may not take an appeal when the attorney general refuses to do so. (*People* v. *Sutter St. Ry. Co.*, 117 Cal. 604 [49 P. 736]; *People* v. *Reclamation No. 108*, 169 Cal. 786 [147 P. 1176]; *People* v. *Petroleum Rectifying Co.*, 21 Cal.App.2d 289 [68 P.2d 984].)

By long established practice as recognized in many decisions, after permission to sue is obtained, the attorney for the relator usually takes an active part in the proceedings.

There is nothing in the statute or in the decisions which forbids this, or which would prevent such an attorney from being considered as one of the attorneys of record. While the attorney general may bring the action, and has control thereof, there is no statutory provision pointing out the exact manner in which that control shall be exercised, or preventing him from acting with or through the attorney for the "private party" whose interest is recognized by the statute which permits him to bring the action. In at least two cases, *People* v. *City of Pomona,* 88 Cal.App.2d 460 [198 P.2d 959], and *People ex rel. Smith* v. *City of San Jose,* 100 Cal.App.2d 57 [222 P.2d 947], a decision was rendered without any appearance on the appeal by the attorney general.

As is the case with many state agencies, detailed rules for which have not been provided by the statutes, the attorney general's office has for many years operated under a set of regulations adopted for the purpose of governing such proceedings. Section 2(a) of these regulations provides that the proposed complaint shall be prepared for the signature of the attorney general and the attorney for the relator "as attorneys for the plaintiff." Section 8 provides that the attorney general "may, at his option, assume the management of said proceeding at any stage thereof." Section 9 provides that the relator shall notify the attorney general of every proceeding had or motion made, and must promptly send to him a copy of every paper or document filed. Section 11 provides that in the event of a judgment adverse to the relator no appeal shall be taken without first securing the approval of the attorney general. These regulations not only provide that the attorney for the relator may sign the complaint as one of the attorneys for the plaintiff, but clearly indicate an intent that he shall act as such attorney subject to the supervision and approval of the attorney general. Under any other theory, such regulations would be meaningless and useless.

These regulations, in practical effect, provide for the association of the attorney for the relator with the attorney general as one of the attorneys in the action, while preserving and emphasizing the latter's right of control. Under such circumstances, and especially in view of the established practice as understood and followed for many years, the attorney general, in the exercise of his undoubted control over the action, could authorize and direct the attorney for the relator, who had already been authorized to sign the complaint as attorney

for the plaintiff and who had taken a leading part in the trial, to file notice of or to make a motion for a new trial which the attorney general desired to have granted.

█ There is no requirement in the statutes that the notice of intention to move for a new trial be signed by any particular person. Section 657 of the Code of Civil Procedure provides that a new trial may be granted ''on the application of the party aggrieved.'' The party aggrieved here was the plaintiff-relator. █ The attorneys for the relator had signed the complaint and appeared throughout the proceeding and trial. The motion for a new trial was filed by express direction of the attorney general, and there is nothing in the statute or in the various decisions emphasizing the attorney general's right of control which requires a holding that the act of the attorney general, in procuring the filing of a motion for a new trial in this manner, is void and ineffective merely because the notice itself was not actually signed by him. The attorney general directed that this be done and it was done by the other attorneys who had been associated in the case from the beginning. The attorney general joined in the notice of motion to set aside the order refusing to hear a motion for a new trial, and for a hearing on that motion, and he made a strong showing in support of those motions. The record indicates that a new trial ought to have been granted and the court's action in doing so ought not to be set aside on the purely technical ground here urged.

It was held in *McMahon* v. *Thomas*, 114 Cal. 588 [46 P. 732], that a notice of motion for new trial must be signed by the attorney of record, and that it may not be signed by another attorney not of record who has not been substituted as attorney for the moving party. Conceding that this is the general rule applicable where the notice is signed by an attorney not previously connected with the case, and not properly substituted, it should not be held controlling here in the strict sense contended for by the appellants. The situation here is quite different from that in the ordinary civil action and by long usage the attorney for the relator participated as one of the attorneys for the plaintiff, although subject to the control of the attorney general. The attorneys for the relator here, who signed the notice in question, had signed all papers, and had taken a leading part in the trial of the action with the permission and under the direction of the attorney general. Within the meaning of this rule, these attorneys were in fact attorneys ''of record.'' Only by resort

to the finest sort of hair-splitting can it be said that this notice was not signed by an attorney sufficiently appearing as one of the attorneys of record. This was a sufficient application by a party aggrieved, under the statutes, to call for a hearing on that motion. When a hearing was actually held, as requested by the attorney general, his office took a most active part therein.

The appellants' further contentions that there was no proper party plaintiff in this action, that the court improperly limited the issues on the new trial which was ordered, and that the individual appellants were not proper parties to the action, are without merit insofar as the present appeal is concerned and require no discussion or analysis of the record in connection therewith.

The order granting a new trial is affirmed.

Griffin, J., concurred.