[Civ. No. 21260.  First Dist., Div. One.  June 14, 1963.]

THE PEOPLE ex rel. JAMES CONWAY, Plaintiff and Appellant, v. SAN QUENTIN PRISON OFFICIALS, Defendants and Respondents.

James Conway, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris,

Jr., Deputy Attorney General, for Defendants and Respondents.

BRAY, P. J.—Motion by Attorney General to dismiss petitioner's appeal from an order denying his petition for quo warranto.

### QUESTION PRESENTED

■ May a quo warranto proceeding be brought by a private person? No.

### RECORD

Petitioner, in propria persona, filed in the Superior Court of Marin County a petition for writ of quo warranto in a proceeding which he entitled *"The People of the State of California Upon the Inquiry of James Conway, Inquirer,* vs. *Lawfulness of Any Person of Any Rank to Beat Another Person for Any Reason Other Than in Self-Defense,"* alleging that he was beaten by San Quentin prison officials "because he politely refused to shave off his mustache." An order denying his petition was entered, from which petitioner appealed.[1]

The Attorney General moved to dismiss this appeal on the ground that the suit and the appeal are frivolous.

As we stated in *City of Campbell* v. *Mosk* (1961) 197 Cal. App.2d 640, 648 [17 Cal.Rptr. 584], the remedy of quo warranto belongs to the state in its sovereign capacity, to protect the interests of the state as a whole and guard the public welfare, and the Attorney General is the proper one to determine, in the first instance, when the public interests justify a resort to this remedy. "Our law, differing from that of some other states, does not permit a suit in *quo warranto* to be filed by a private individual. . . ." (*People* v. *Milk Producers Assn.* (1923) 60 Cal.App. 439, 442 [212 P. 957].)

■ It should be noted that even where a proceeding in quo warranto is brought in the name of the State of California on the relation of an individual, after permission therefor is granted by the Attorney General, the relator has no control of the proceeding. The entire control is in the Attorney General, who may even dismiss the proceeding over the objection of the relator. (*People* v. *Petroleum Rectifying Co.* (1937) 21 Cal.App.2d 289, 291-292 [68 P.2d 984].) Thus,

---

[1] It should be noted that the Honorable Charles N. Brusatori, Judge of the Superior Court of Marin County, in denying the petition, directed the district attorney to investigate petitioner's charges of brutality.

under any theory, the Attorney General is entitled to dismiss this proceeding.

The appeal is dismissed.

Sullivan, J., and Molinari, J., concurred.