[No. B144311. Second Dist., Div. Four. Aug. 28, 2001.]

STEPHEN CRAIG NICOLOPULOS, Plaintiff and Appellant, v.
CITY OF LAWNDALE et al., Defendants and Respondents.

## COUNSEL

Strumwasser & Woocher, Fredric D. Woocher, Michael J. Strumwasser and Harrison M. Pollak for Plaintiff and Appellant.

Burke, Williams & Sorensen, William W. Wynder and Anthony R. Taylor for Defendants and Respondents.

## OPINION

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

Plaintiff and appellant Stephen Craig Nicolopulos appeals from a judgment of dismissal following the sustaining of a demurrer without leave to amend to his first amended complaint against the City of Lawndale, the Lawndale City Council, and individual members of the Lawndale City Council.

Appellant was the elected city clerk of Lawndale. In February 2000, the city council by resolution declared the office was vacated on the ground appellant was not a resident of Lawndale (Gov. Code, § 36502), appointed Assistant City Clerk Pamela Giamario as acting city clerk pending appointment or election of a new city clerk to fill the vacancy, and set a special election for November 2000 to fill the vacancy for appellant's unexpired term (Gov. Code, § 36512).

Appellant filed his first amended complaint in March 2000, asserting five causes of action against the City of Lawndale, the city council, and individual members of the city council. The asserted causes of action were: (1)

writ of mandate pursuant to Code of Civil Procedure section 1085, (2) writ of administrative mandate pursuant to Code of Civil Procedure section 1094.5, (3) injunction, (4) injunction and monetary and punitive damages for violation of federal civil rights, and (5) declaratory relief. Appellant sought the following relief: issuance of a writ of mandate and preliminary and permanent injunctions commanding the city council to rescind its resolutions and "restore [appellant to] the use and enjoyment of the office of Lawndale City Clerk, together with all of the duties, privileges, and benefits thereof"; an injunction against holding a special municipal election in November 2000 to fill the unexpired term; declaratory relief "that [appellant] at all relevant times was and is domiciled in the City of Lawndale, that no vacancy exists in the office of the Lawndale City Clerk, and that [appellant] remains entitled to the continued use and enjoyment of that office"; and monetary and punitive damages for violation of federal civil rights.

Respondents demurred on the sole ground that appellant's exclusive remedy is an action in quo warranto. The trial court agreed. In June 2000, it sustained the demurrer without leave to amend on the ground appellant's exclusive remedy is quo warranto, and dismissed the action. Appellant timely appealed from the judgment of dismissal.

While this appeal was pending, we granted respondents' request to judicially notice that in the special municipal election held on November 7, 2000, Paula Hartwill was elected as city clerk of Lawndale for the remaining term of office ending April 23, 2002, and Hartwill took her oath of office on December 5, 2000.

Appellant contends on appeal that at the time appellant filed the complaint and the trial court adjudicated the demurrer, quo warranto was not appellant's remedy, because the office was not yet filled by a new incumbent. Even assuming this contention is correct, the office has now been filled by a new incumbent; appellant's exclusive remedy now is quo warranto, which he may yet pursue.

### DISCUSSION

■ Quo warranto is the specific action by which one challenges "any person who usurps, intrudes into, or unlawfully holds or exercises any public office." (Code Civ. Proc., § 803.) It is the exclusive remedy in cases where it is available. (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 633 [75 Cal.Rptr. 766, 451 P.2d 406].) Title to an office cannot be tried by mandamus, injunction, writ of certiorari, or petition for declaratory relief. (*People*

*v. Olds* (1853) 3 Cal. 167, 175, 177; Cal. Atty. Gen. Opinion Unit, Quo Warranto Applications <http://caag.state.ca.us/opinions/content/nature.htm> [as of Aug. 28, 2001], hereafter cited as Quo Warranto Applications.)

Where, as here, a former officeholder has been ousted by a declaration the office is vacant due to his nonresidency, and a successor has been appointed or elected to fill the vacant term, quo warranto is the ousted official's sole remedy for challenging the alleged vacancy. (*Klose v. Superior Court* (1950) 96 Cal.App.2d 913, 917, 918, 919 [217 P.2d 97].) The Attorney General has repeatedly concluded, in formal opinions, that in these situations the former officeholder's remedy is quo warranto, for which the Attorney General will grant leave to sue. (73 Ops.Cal.Atty.Gen. 197 (1990); 79 Ops.Cal.Atty.Gen. 21 (1996); 82 Ops.Cal.Atty.Gen. 78 (1999).) It is in the quo warranto proceeding that the former officeholder has " 'his day in court before it can be conclusively adjudged against him that the office was vacant at the time the appointment was made.' " (*Klose v. Superior Court, supra,* 96 Cal.App.2d at p. 918.) The current incumbent must be a party to the quo warranto proceeding, with the right to be heard. (*Id.* at p. 925.) If the former officeholder succeeds in quo warranto, ousting the current incumbent, he may be restored to office and may recover "the damages which he may have sustained by reason of the usurpation of the office by the defendant." (Code Civ. Proc., §§ 806, 807.)

■ Appellant contends quo warranto does not apply to this case, because *at the time of the trial court proceedings,* Paula Hartwill had not yet been elected to fill the alleged vacancy, and Pamela Giamario was merely an *acting* city clerk *until* the vacancy was filled by either appointment or special election. Appellant's argument is that quo warranto did not lie against an *acting* officeholder as distinguished from a person who claims legal title to the office by having been appointed or elected to fill the vacancy. Respondents reply that Code of Civil Procedure section 803 extends broadly not only to a person who "usurps, intrudes into, or unlawfully holds" a public office but also to a person who "exercises" a public office.

We need not resolve this technical argument. Even assuming for discussion that quo warranto did not *then* apply to the *acting* city clerk, we have judicially noticed that *now* there *is* a de facto incumbent of the office and term to which appellant desires to be restored. There is no point in reversing and requiring the trial court to entertain mandamus, when quo warranto is *now* appellant's exclusive remedy. ■ An appeal is moot when as a result of changed circumstances the trial court on remand would be unable to grant the relief sought by the appellant. (*Long v. Hultberg* (1972) 27 Cal.App.3d

606, 608-609 [103 Cal.Rptr. 19] [plaintiff sought to enjoin recall election; election was held and the voters recalled plaintiff from office; appeal from denial of preliminary injunction and mandate dismissed as moot; court should "decide only actual controversies by a judgment which can be carried into effect"]; *Lenahan v. City of Los Angeles* (1939) 14 Cal.2d 128, 132 [92 P.2d 1014] [action to enjoin recall election; election had been held and official had been recalled; appeal dismissed as moot; "when the event which it was sought to enjoin, that is, the election, had taken place, the remedies of the plaintiffs were removed from the field of injunctive relief and were relegated to such remedies, if any, as they might have and avail themselves of subsequent to the election"].) ▮▮ Similarly here, appellant must be relegated now to his sole remedy, quo warranto, existing after the filling of the vacancy in the office and term to which appellant desires to be restored.[1]

Appellant suggests the trial court should be required to address his cause of action for declaratory relief, with a view toward a declaration that appellant has always been domiciled in Lawndale and there was no vacancy in his office, even though such a declaration could not be "enforced" without a quo warranto action. We believe this would be an idle act that the law does not require. (Civ. Code, § 3532.) "[T]he declaratory judgment law was not designed to undermine the policy of the quo warranto statute." (*Cooper v. Leslie Salt Co., supra,* 70 Cal.2d 627, 634.)[2]

Appellant also contends the trial court should be required to consider appellant's cause of action for violation of federal civil rights. (42 U.S.C. § 1983.)[3] He contends that to require appellant to follow the quo warranto procedure amounts to requiring that he "exhaust state remedies." He cites case law that a plaintiff may seek relief under the federal Civil Rights Act without exhausting state remedies. (E.g., *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 336 [48 Cal.Rptr.2d 87, 906 P.2d 1242] [plaintiff contending

---

[1]*Pulskamp v. Martinez* (1992) 2 Cal.App.4th 854 [3 Cal.Rptr.2d 607], cited by appellant, is distinguishable. There the plaintiffs had sought by mandamus to prevent placing a charter amendment on the ballot. Quo warranto to attack enacted legislation would have been premature at that point. The Court of Appeal declined to hold the matter mooted by the voters' adoption of the amendment, because the court considered the voters' action a nullity, holding that the voters could not legally ratify a defective ballot measure. (*Id.* at pp. 860-861.)

[2]Appellant misplaces reliance on *Fenton v. Board of Directors* (1984) 156 Cal.App.3d 1107 [203 Cal.Rptr. 388], a declaratory relief action. There, no issue was raised about quo warranto, the board had not yet filled the vacancy, and the board acquiesced in litigating the issue of the plaintiff's residency. (*Id.* at p. 1111.)

[3]On the merits, it is doubtful that appellant had a *property* interest in his *elective* office that is protected by the federal Constitution against deprivation without due process. (*Taylor v. Beckham* (1900) 178 U.S. 548, 576 [20 S.Ct. 890, 900, 44 L.Ed. 1187]; *Snowden v. Hughes* (1944) 321 U.S. 1, 7 [64 S.Ct. 397, 400-401, 88 L.Ed. 497]; *Rabkin v. Dean* (N.D.Cal. 1994) 856 F.Supp. 543, 549.) But we need not decide the merits.

imposition of mandatory dues violated plaintiff's First Amendment substantive rights is not required to arbitrate claim]; *Williams v. Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125] [plaintiff contending police officers assaulted and imprisoned plaintiff without reasonable cause is not required to comply with governmental tort claim procedure].)

Appellant's argument that he is excused from using the state remedy of quo warranto if he sues under the federal Civil Rights Act is misconceived. Appellant's complaint alleges the city council deprived him of his office without federal procedural due process. But there *is no* violation of due process, and hence no federal constitutional violation, if the postdeprivation remedies under state law themselves provide redress in a manner that satisfies due process. The no-exhaustion doctrine on which appellant relies is beside the point. (*Parratt v. Taylor* (1981) 451 U.S. 527, 537, 538, 543-544 [101 S.Ct. 1908, 1913-1914, 1914, 1916-1917, 68 L.Ed.2d 420]; *Brosterhous v. State Bar, supra,* 12 Cal.4th 315, 326, fn. 6.) The state quo warranto procedure here provides redress for the alleged deprivation. Upon successful trial of the quo warranto action, the applicant is restored to office and entitled to damages sustained by reason of the usurpation. (Code Civ. Proc., §§ 806, 807.)

Appellant suggests the quo warranto procedure does not satisfy due process because it requires the consent of the Attorney General to proceed. Quo warranto may be brought by the Attorney General "upon his own information, or upon a complaint of a private party." (Code Civ. Proc., § 803.) The prominent role of the Attorney General has its origins deep in British history for reasons largely irrelevant today. (*International Assn. of Fire Fighters v. City of Oakland* (1985) 174 Cal.App.3d 687, 695 [220 Cal.Rptr. 256].) The modern rationale is, "The remedy of *quo warranto* is vested in the People, and not in any private individual or group, because disputes over title to public office are viewed as a public question of governmental legitimacy and not merely a private quarrel among rival claimants. . . . [¶] . . . [¶] Although the Attorney General occasionally brings a *quo warranto* action on the initiative of that office, or at the direction of the Governor, usually the action is filed and prosecuted by a private party who has obtained the consent of the Attorney General, for 'leave to sue in *quo warranto.*' The private party who obtains leave to sue is termed the 'relator.' The action is brought in the name of the People of the State of California 'on the relation of' the private party who has been granted permission to bring the action." (Quo Warranto Applications, *supra,* <http://caag.state.ca.us/opinions/content/nature.htm>; see also *People v. City of Huntington Beach* (1954) 128 Cal.App.2d 452, 455 [275 P.2d 601];

*Oakland Municipal Improvement League v. City of Oakland* (1972) 23 Cal.App.3d 165, 170 [100 Cal.Rptr. 29].) Requiring leave of the Attorney General also "protects public officers from frivolous lawsuits." (Quo Warranto Applications, *supra*, at <http://caag.state.ca.us/opinions/quo.htm>.) The Attorney General has an established procedure, embodied in regulations, for approving applications by private parties for leave to sue in quo warranto. (Cal. Code Regs., tit. 11, §§ 1-11; *People v. City of Huntington Beach, supra,* 128 Cal.App.2d 452, 456.)

 As noted *ante*, the Attorney General has granted leave to sue in quo warranto in at least three similar cases, where the applicant was ousted from public office by an allegedly erroneous declaration the office was vacated due to his nonresidency, and a new incumbent had filled the alleged vacancy. (73 Ops.Cal.Atty.Gen. 197, *supra*; 79 Ops.Cal.Atty.Gen. 21, *supra*; 82 Ops.Cal.Atty.Gen. 78, *supra*.) We have no reason to suppose that the Attorney General would deny an application by appellant for leave to sue in quo warranto. (*International Assn. of Fire Fighters v. City of Oakland, supra,* 174 Cal.App.3d 687, 698.) And if the circumstances were such that the Attorney General abused his discretion by denying leave, appellant would have a remedy by mandamus against the Attorney General. (*Id.* at pp. 697-698.) The quo warranto procedure satisfies constitutional due process for remedying any claimed procedural irregularities leading to the city council's declaration of a vacancy in appellant's office. (*Parratt v. Taylor, supra,* 451 U.S. 527, 543-544 [101 S.Ct. 1908, 1916-1917].) Appellant is wrong, therefore, in asserting that by couching one cause of action under the federal Civil Rights Act he can ignore the quo warranto procedure.

### CONCLUSION

 As a result of changed circumstances that occurred while the appeal was pending and that were beyond appellant's control, it is clear appellant's remedy now is quo warranto. Upon obtaining the consent of the Attorney General, appellant could still proceed in quo warranto. If we dismissed the appeal as moot, it would have the effect of affirming the dismissal of appellant's lawsuit and terminating it. We find it more appropriate to reverse and remand to give appellant an opportunity to amend his complaint in the present lawsuit to plead a cause of action in quo warranto if appellant obtains the consent of the Attorney General. (See *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1387-1388, 1405 [272 Cal.Rptr. 387] [plaintiff-appellant can demonstrate, on appeal from order sustaining demurrer without leave to amend, that there is a reasonable probability the pleading can be amended to state a good cause of action].) We leave to the trial court in its discretion to determine a reasonable time

within which appellant must obtain the consent of the Attorney General and amend his complaint to sue in quo warranto, or face dismissal of his action.

## DISPOSITION

The order of dismissal is reversed for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

Epstein, J., and Hastings, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 28, 2001. Chin, J., did not participate therein.