TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 22-1002 |
| of | : | |
| | : | May 18, 2023 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| SUSAN DUNCAN LEE | : | |
| Deputy Attorney General | : | |

Proposed Relator City of Moreno Valley has applied for leave to sue proposed Defendant David Marquez in quo warranto to remove him from his seat on the Moreno Valley City Council. The City asserts that Marquez forfeited his office because he was "absent without permission from all regular city council meetings for 70 days consecutively from the last regular meeting" he attended, in violation of Government Code section 36513(b).

We conclude that substantial questions of law and fact exist as to whether Marquez was absent without permission from all regular city council meetings for the period specified in Government Code section 36513(b) and, as a result, forfeited his seat on the council. We also conclude that the public interest will be served by allowing the proposed quo warranto action to proceed. For these reasons, the application for leave to sue is GRANTED.

## BACKGROUND

Moreno Valley is a general law city, and thus derives its powers from the general statutes enacted by the Legislature.[1] Moreno Valley's five-member city council consists

---

[1] See *City of Orange v. San Diego County Employees Retirement Assn.* (2002) 103

1

22-1002

of the elected mayor plus four councilmembers elected by the voters of the districts they represent.[2]

David Marquez, a resident of Moreno Valley, was elected to serve a four-year term as the City's District 3 Councilmember, and was reelected to this office in 2020. His current term will end in December 2024.

The City alleges that Marquez forfeited his seat on the council under the terms of Government Code section 36513(b), because Marquez was absent, without permission, from the city council's meetings for more than 70 consecutive days between June and September of 2022. Marquez responds that his absences should qualify as "excused" under section 36513(b) because he gave advance notice to the City and the absences were for legitimate reasons. He also alleges he did not miss "regular City Council meetings" for 70 days within the meaning of section 36513(b) because of the Council's summer recess. .

## ANALYSIS

Quo warranto is a civil action used to challenge the lawfulness of a public official's holding of a public office.[3] This form of action is codified in section 803 of the Code of Civil Procedure, which provides that an action may be brought by the Attorney General, in the name of the People, "against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."[4]

Where, as here, a party seeks to pursue a quo warranto action in superior court, that party must first obtain the Attorney General's consent to do so. In determining whether to allow an action to proceed, our role is not to resolve the merits of the controversy. Rather, we consider (1) whether quo warranto is an available and appropriate remedy; (2) whether the proposed relator has raised a substantial issue of law or fact that warrants judicial resolution; and (3) whether authorizing the quo warranto

---

Cal.App.4th 45, 52.

[2] See Gov. Code, § 34871.

[3] *Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225; 76 Ops.Cal.Atty.Gen. 157, 165 (1993) (quo warranto is the "appropriate remedy to test the right of a person to hold public office"); see 98 Ops.Cal.Atty.Gen. 94, 96 (2015) (a member of a city council holds a public office).

[4] Code Civ. Proc., § 803; see *Rando v. Harris* (2014) 228 Cal.App.4th 868, 873; 105 Ops.Cal.Atty.Gen. 65, 67 (2022).

22-1002

action will serve the public interest.[5]  Here, all three requirements are met, and therefore we grant leave to sue.

## 1. Quo Warranto Is an Available and Appropriate Remedy.

Code of Civil Procedure section 803 provides:

An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state.

The Court of Appeal has held that the term "private party" does not preclude a public entity, such as the City in this instance, from applying for leave to sue in quo warranto.[6] Here, the City argues that Marquez has forfeited his office by excessive absences, and is therefore now unlawfully holding that office.  Quo warranto is therefore an available and appropriate remedy for seeking Marquez's removal.

## 2. The Application Presents Substantial Questions of Law and Fact that Warrant a Judicial Resolution.

Government Code section 36513 provides as follows:

(a) If a city councilmember is absent without permission from all regular city council meetings for 60 days consecutively from the last regular meeting he or she attended, his or her office becomes vacant and shall be filled as any other vacancy.

(b) Notwithstanding subdivision (a), if a city council meets monthly or less frequently than monthly and a city councilmember is absent without permission from all regular city council meetings for 70 days consecutively from the last regular meeting he or she attended, his or her office becomes vacant and shall be filled as any other vacancy.

---

[5] *Rando v. Harris*, *supra*, 228 Cal.App.4th at pp. 868, 879; 72 Ops.Cal.Atty.Gen. 15, 20 (1989).

[6] See *People ex rel. Lacey v. Robles* (2020) 44 Cal.App.5th 804, 815, 817 (district attorney is a "private party" for purposes of the quo warranto statute; statute's reference to "'private' only serves to distinguish other parties from the Attorney General").

22-1002

The City contends that Marquez's absences violated section 36513(b) because he was absent without permission from all regular council meetings held over a period of more than 70 consecutive days, and that he has therefore vacated his council seat.

Moreno Valley City Council Resolution 2015-71 sets the regular meetings of the city council for the first and third Tuesdays of each month. There is no dispute that Marquez attended the regular city council meeting on June 21, 2022, and next attended a city council meeting on September 20, 2022. The number of days between meetings Marquez attended (June 21 to September 20) is 91.[7]

It is undisputed that Marquez's first absence during the relevant period was from a regular meeting held on July 5, 2022. The City observes that the minutes from that meeting show that Marquez was absent and that "there was no motion made by any councilmember or passed by the City Council to formally excuse Marquez's absence." Although Marquez does not dispute the minutes, he argues that he should have been excused because he called the city manager in advance and left a message stating that he would be prevented from attending the meeting because he was needed for child care. The City's filings to date dispute this aspect of Marquez's claim, instead relying on the minutes.

The dates for the next three regularly scheduled city council meetings fell on July 19, August 2, and August 16, 2022, but those meetings were not held. A Notice of Meeting Cancellation was issued on July 12, giving formal notice that the city council would be in recess on the next three regularly scheduled meeting dates.[8]

Following the summer recess, the next regular city council meeting was held on September 6, 2022. The City again observes that the minutes from that meeting show that Marquez was absent, and that "there was no motion made by any councilmember or passed by the City Council to formally excuse Marquez's absence." Again, Marquez does not dispute the minutes, but argues that he should have been excused because he called the city manager in advance and left a message stating that he would be prevented from attending the meeting because he had tested positive for COVID.

---

[7] Given that the City has adopted a formal schedule of twice-monthly regular meetings, it appears that section 36513(a)'s 60-day threshold may potentially apply here. On the other hand, as mentioned, several scheduled meetings were cancelled during the period of Marquez's absence such that the meetings in fact were held "less frequently than monthly," so it may be that section 36513(b)'s 70-day threshold is more apt under the circumstances. We need not dwell on this point, however, because the alleged period of Marquez's unexcused absence is 91 days, in excess of either threshold.

[8] Notice of Meeting Cancellation posted July 12, 2022 (City Exhibit F).

22-1002

Thus, while Marquez does not dispute that he was absent from the July 5 and September 6, 2022 meetings, he maintains that his absences should have been excused because he was absent for legitimate reasons. He further maintains that he reported his absences by leaving phone messages for the city manager, and was never instructed to do otherwise. Additionally, Marquez argues that because the city cancelled three meetings in a row for a summer recess, he did not miss "regular city council meetings" for a period in excess of 70 days and therefore did not violate Government Code section 36513(b).

The City maintains that it keeps a regular meeting schedule with properly noticed cancellations; that Marquez was not excused from attending the July 5 and September 6, 2022 meetings; and therefore that Marquez vacated his office by operation of section 36513(b).

As described above, Government Code section 36513 applies to a councilmember who is "absent without permission." Government Code section 36513 does not define the meaning of the phrase "absent without permission," nor does case law or Moreno Valley's municipal code. Indeed, we observed as much in a 2017 Opinion in which we also granted leave to sue on a claim that a city council member had forfeited her seat under section 36513.[9] For his part, Marquez alleges that he has attempted to discover the city's policy for excusing absences of councilmembers, but that the city did not respond to his requests. The City has not pointed to any evidence of a City policy or procedures governing excusing absences, nor are we aware of any.

We think that this matter raises substantial questions of law and fact as to whether Marquez vacated his council seat under Government Code section 36513(b). For example, does the city have a policy for excusing absences? If a policy exists, is it communicated to councilmembers? Is child care or illness a valid excuse for a city councilmember's absence from a meeting? If so, how and when must the excuse be proffered? Does the city council have discretion to accept or deny a particular excuse for absence, and must the city council pass a formal motion to excuse a particular councilmember's absence for the excuse to be valid, and the absence therefore permitted under section 36513? In addition, were there "regular city council" meetings during the relevant period, or was the period defined by section 36513 tolled during the council's summer recess? These and other relevant questions may be addressed and resolved in a judicial proceeding.[10]

---

[9] See 100 Ops.Cal.Atty.Gen. 26 (2017).

[10] See *id.* at p. 26 (granting leave to sue on claim office was vacated by absences under Gov. Code, § 36513).

22-1002

### 3. Judicial Resolution Serves the Public Interest.

As a general rule, we view the need for judicial resolution of a substantial question of fact or law as a sufficient "public purpose" to warrant granting leave to sue, absent countervailing circumstances such as pending litigation of the issues or shortness of time remaining in office.[11]  We are not aware of any reason here to depart from our general rule.  In our view, the City, Councilmember Marquez, and the public have an interest in a judicial determination whether Marquez vacated his seat by operation of law due to absence without permission for more than 70 days, and judicial interpretation of Government Code section 36513 would provide needed guidance to local agencies and officeholders.

Accordingly, the application for leave to sue in quo warranto is GRANTED.

---

[11] *Ibid.*

22-1002