[L. A. No. 5278. Department Two.—November 15, 1919.]

## CHARLES K. BLECH, Respondent, v. J. W. JEAL et al., Appellants.

[1] MORTGAGE—SALE OF LANDS—PAYMENT OF INDEBTEDNESS—AGREEMENT BETWEEN MORTGAGORS AND PURCHASER—EFFECT OF.—Where at the time of the sale of a portion of mortgaged lands, it was agreed that the mortgagors would pay a part of the mortgage indebtedness and the purchaser the remainder, and thereafter the mortgage was acquired by a third party as trustee for the purchaser of the lands, and he, subsequent to such acquisition, without consideration, released from the mortgage the lands conveyed, the trustee, upon a breach of the agreement by the mortgagors, was entitled to have the mortgage satisfied out of the remaining lands of the mortgagors.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crandall & Edmonds, E. Earl Crandall and C. L. Welch for Appellants.

F. D. R. Moote for Respondents.

LENNON, J.—This is an appeal from a judgment upon the judgment-roll alone. The question presented for our determination is whether or not the findings support the conclusion of law that respondent Blech is entitled to have a mortgage held by him in trust for respondent Rutledge satisfied out of the lands of appellants.

From the findings it appears that appellants, defendants and cross-complainants below, executed a note wherein they promised to pay to one Earle L. Roberts the sum of nine thousand five hundred dollars. At the same time, appellants executed a mortgage on various parcels of land owned by them to secure this note. By assignment, respondent Blech became the owner of the note and mortgage which he holds in trust for respondent Rutledge. Three thousand dollars of the principal sum remains due, owing, and unpaid. A portion of the land covered by the mortgage was conveyed by appellants to respondent Rutledge prior to the time at which she acquired the equitable title to the note and mortgage. Mrs. Rutledge assumed no personal obligation to pay the mortgage indebtedness which had at the time of the conveyance been reduced to eight thousand five hundred dollars. Respondent Blech, subsequent to his acquisition of the note and mortgage as trustee for Mrs. Rutledge, without consideration, released from the mortgage the land conveyed to her by appellants.

Appellants contend that the above-mentioned release was in effect a fraud upon them. In this behalf it is argued that when Mrs. Rutledge accepted the conveyance of the land subject to the mortgage, she undertook, as between herself and appellants, to pay part of the mortgage indebtedness. The existence of this obligation, which appellants assert should be implied from the facts surrounding the conveyance, is further supported by the argument that the debt for which the land was liable must presumably have been considered in determining the price which Mrs. Rutledge was required to pay appellants for the land.

Assuming, although by no means admitting, that such would be the interpretation to be placed upon the transaction in the absence of an express agreement to the contrary, respondents rely upon two agreements executed by appellants and Mrs. Rutledge at the time of the conveyance. Respondents allege that by these agreements Mrs.

Rutledge undertook to pay five thousand five hundred dollars of the mortgage indebtedness and that appellants agreed to pay the remaining three thousand dollars, it being further stipulated that should appellants fail to pay this portion of the debt as agreed by them and it should, therefore, become necessary for Mrs. Rutledge to advance the entire sum in order to secure a release, appellants would execute a mortgage on certain land owned by them to secure the repayment to Mrs. Rutledge of the sum so advanced.

[1] Although the court found that appellants had been guilty of a breach of the agreements collateral to the contract for the sale of the land to Mrs. Rutledge, appellants assert that there is no sufficient finding as to the terms of the said agreements to enable the judgment to be supported on the theory that the mutual obligations of appellants and Mrs. Rutledge with respect to the mortgage indebtedness were determined by express agreement at the time of the sale. This contention is not sustained by the record. In the finding numbered XIII, the court finds that at the time of the sale of the property to Mrs. Rutledge, appellants agreed that upon the payment by Mrs. Rutledge of the sum of three thousand dollars to apply on the principal of the mortgage indebtedness, they would execute a mortgage on certain land to secure the payment to her of this sum by them, and that, at the same time, Mrs. Rutledge agreed to credit on the sum so to be secured to her any payments made by appellants and applied to reduce the mortgage indebtedness. This finding is fairly, if not necessarily, subject to the construction that the parties agreed that appellants should pay three thousand dollars of the debt and that Mrs. Rutledge should pay the remainder.

It follows that appellants cannot successfully contend that the obligations of Mrs. Rutledge are to be determined merely by implication from the facts surrounding the conveyance of the land sold to her by them. The appeal is based upon this contention and is, therefore, without merit.

The judgment is affirmed.

Melvin, J., and Wilbur, J., concurred.