[Civ. No. 2514.   Third Appellate District.—January 12, 1923.]

THE PEOPLE ex rel., Appellant, v. MILK PRODUCERS ASSOCIATION OF CENTRAL CALIFORNIA (a Corporation), Respondent.

[1] CORPORATIONS—USURPATION OF CORPORATE FUNCTIONS—QUO WARRANTO.—Where a corporation has abused its corporate franchise, has usurped, and is continuing to usurp, important powers which its articles of incorporation and the law does not permit it to exercise, and has violated, and is continuing to violate, the statute defining and prohibiting certain trusts in restraint of trade, *quo warranto* lies.

[2] ID. — PARTIES — SUIT BY PRIVATE PERSONS. — Our law does not permit a suit in *quo warranto* to be filed by a private individual, or, so far as the interests of the people are concerned, to be controlled by a private individual; but if the suit is once instituted an intervention by a private person is under certain circumstances permissible.

[3] ID.—PLEADING — COMPLAINT BY ATTORNEY-GENERAL — FILING UPON RELATION OF PRIVATE PARTY.—A complaint in a proceeding in *quo warranto* to have the franchise of a nonprofit, co-operative corporation revoked on the ground of usurpation of powers and functions not authorized by its articles of incorporation or by law, should not be stricken from the files, or a demurrer thereto sustained without leave to amend, merely because it is filed by the attorney-general upon the relation of a private individual.

[4] ID. — DISCRETION OF ATTORNEY-GENERAL — BRINGING OF ACTION — PROSECUTION FOR THE PEOPLE.—The attorney-general has some discretion in passing upon complaints of public wrong; and, while he ought not to sue where the reasons urged for the beginning of an action in *quo warranto* are trivial or the purpose is to redress some grievance which is altogether private, when, upon due consideration of substantial evidence before him, whether furnished by others or obtained by his own inquiry, he has filed a complaint in *quo warranto* over his own signature, the action thereby begun is, in this state, to be regarded as a public action, prosecuted by the attorney-general, for the people.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, John W. Preston, Hartley F. Peart and Albert H. Elliott for Appellant.

Peck, Bunker & Cole, Archibald M. Johnson and A. A. De Ligne for Respondent.

ANDERSON, J., *pro tem.*—This is an appeal from a judgment dismissing an action after demurrer sustained to the complaint, sustained without leave to amend. The demurrer

2. *Quo warranto* proceedings as matter of right by attorney-general or district attorney, note, 1 L. R. A. (N. S.) 826.

Right to maintain *quo warranto* proceedings for vindication of private rights, notes, 125 Am. St. Rep. 633; 22 L. R. A. (N. S.) 810.

was both general and special. With it was submitted a motion to strike out, which was granted by the trial court upon the same theory upon which it sustained the demurrer. Appellant urges that the court erred in granting the motion to strike out and in sustaining the demurrer without leave to amend.

The action is in *quo warranto,* directed against defendant, Milk Producers Association of Central California. Defendant, as disclosed by the complaint, is a nonprofit, co-operative corporation organized under sections 653b to 653zb of the Civil Code.

The complaint was upon the relation of Carrie A. Clark, a private party. Respondent's brief concedes that if the complaint could have been filed upon the relation of a private party there is a statement therein of a cause of action capable of amendment, and that the motion to strike out should have been denied and that leave to amend should have been granted. The motion to strike out was directed to all those parts of the complaint which showed the action was instituted upon information and complaint of the relator, Carrie A. Clark.

The main theory of the demurrer was that the complaint stated no cause of action because of the averments showing that it was filed upon the relation of a private party. The trial court struck out all portions of the complaint which showed the connection of Carrie A. Clark with the action. It ruled that, under the statute particularly applicable to corporations of the character of defendant, the action could not be instituted or maintained except at the instance of the attorney-general acting without a relator and, as the complaint showed the action was upon the relation of a private party, the complaint was not capable of amendment and that the action should be dismissed.

[1] The theory of the complaint as shown by its allegations (which, for the purposes of this appeal, must be taken as true under the general rule applicable to demurrers to complaints) is that the defendant corporation has abused its corporate franchise, has usurped, and is now usurping, important powers which its articles of incorporaton and the law does not permit it to exercise and has violated and is now violating the statute defining and prohibiting certain trusts in restraint of trade. *Quo warranto,* of course, lies in

such cases. (*People* v. *Merchants Protective Corp.*, 181 Cal. 531 [209 Pac. 363].)

The complaint does not in any way show that the relator is the true plaintiff. **[2]** Our law, differing from that of some other states, does not permit a suit in *quo warranto* to be filed by a private individual, or, so far as the interests of the people are concerned, to be controlled by a private individual. If the suit is once instituted an intervention by a private person is evidently under certain conditions permissible. (*People* v. *Campbell*, 138 Cal. 11 [70 Pac. 918].) But notwithstanding there is a relator, the action is by the people. (*People* v. *Reclamation Dist. No. 108*, 169 Cal. 786 [147 Pac. 1176].)

**[3]** The complaint in this case designates the people as the plaintiff; it is the people who complain; the wrongs complained of are of public concern; the prayer is that defendant be excluded from all the corporate right; that it be dissolved and that its franchise be revoked and canceled. The only connection of the relator with the case is shown by the opening of the complaint in which it is recited that the people, upon information and complaint of relator, do complain and allege, and by the statements in paragraph "VI" of the complaint, that relator is a citizen, a resident, a taxpayer and one of the consuming public affected by defendant's practices, and that as a result she has suffered a pecuniary loss, the amount of which is not stated.

Counsel for respondent do not dispute the appropriateness of the statement in paragraph 1835 of Spelling on Injunction, second edition, reading as follows: "The authorities are somewhat conflicting as to the right and proper functions of relators, but the better practice and that prevailing in most of the States is that the relators perform no different or more important office in any case than that of an informer or prosecuting witness in an ordinary criminal or penal action, and that the States' Attorney has full power of control over the prosecution, both as to instituting it and conducting it."

The addition of the relator's name to the complaint did not make this a private action. This, we think, is clearly stated by our supreme court, as follows: "The proceeding is by information by the Attorney General. When the proceeding is in the interest of private persons, in whole or in part, they are said to be by relation, and under the provisions of

the Code the relator may be required to give security for costs. The information, however, that is, the complaint, is signed and filed by the Attorney General as attorney, and doubtless as attorney he has control of the action. I know of no such distinction as that made by counsel and attributed to the late Attorney General. If the proceeding is one in which a private person can have no interest, the proceeding is not properly by relation. But the Attorney General had the power to institute the proceeding, and in either form it is by him. If unnecessarily he has added that it is by relation of a named person, that does no harm. It does not convert the proceeding into a private action." (*People v. Sutter St. Ry. Co.*, 117 Cal., at page 612 [49 Pac. 737].)

The motion to strike out was granted and the demurrer sustained and the action dismissed because of the provisions of section 653z of the Civil Code, reading as follows: "The right of a corporation claiming to be organized and incorporated and carrying on its business under this title, to do and to continue its business, may be inquired into by *quo warranto* proceeding at the suit of the Attorney General, but not otherwise."

But for all practical purposes this suit is the suit of the attorney-general. This is clearly so of every case in *quo warranto* where the grievance is public, or public as well as private. It certainly is a matter of public concern that a corporation, under the color or guise of a nonprofit concern, is usurping the functions of an ordinary corporation by employing its capital to engage in business for a profit and is combining with others in the illegal restraint of trade. Such a corporation is not only usurping a franchise in violation of the *quasi*-contract from which he derives its power from the state, but, in violating the law, it is exercising a power which the state denies to all persons. The illegal practices complained of are by the complaint made a feature of the business conducted for a profit—a kind of business which defendant has no right to engage in.

It is not questioned but that the complaint contains accusations of the kind referred to. The learned judge of the trial court, in his opinion which is made a part of the printed record on appeal, specifically refrains from ruling that the complaint would have been incapable of amendment had it originated altogether with the attorney-general, and, as here-

inbefore indicated, respondent's brief concedes that the dismissal was erroneous if the fact that it was upon the relation of a private individual did not make it totally null.

To hold that such a complaint as was filed in this case should, in effect, be stricken from the files, because it appears that the arm of the law moved as a result of information obtained or partly obtained from a private person, would be to regard form more highly than substance. If the argument were sound, then in all fairness to the defendant he ought, if the action disclosed the name of no relator, be permitted to make inquiry for the purpose of ascertaining whether the action was not really instigated by a complaint of a private person addressed to the attorney-general. In substance there would be no difference between the assumed situation and the one here presented. [4] We think that, as has been indicated in some of the cases, the attorney-general has some discretion in passing upon complaints of public wrong (*Lamb* v. *Webb,* 151 Cal. 451 [91 Pac. 102, 646]) ; that he ought not to sue where the reasons urged for the beginning of an action in *quo warranto* are trivial or the purpose is to redress some grievance which is altogether private; but that when, upon due consideration of substantial evidence before him, whether furnished by others or obtained by his own inquiry, he has filed a complaint in *quo warranto* over his own signature, the action thereby begun is, in this state, to be regarded as a public action, prosecuted by the attorney-general, for the people.

The presumption was that official duty was performed in the filing of the complaint in this case. The complaint presented and not the personal element involved in its filing is the important thing.

We do not think that the words "and not otherwise" contained in the code section were intended to set apart and distinguish the suit referred to as something materially different from what the law had known. The language used was like language used in other laws—and in the decided cases merely to emphasize the point that collateral inquiry may not be made in private suits as to whether a corporation has violated its franchise in performing a particular act. The prohibition is added that the right of corporations such as the defendant to continue to do business may not be inquired into except by a *quo warranto* proceeding at the suit

of the attorney-general and not otherwise.   The entire statement as to the remedies is really nothing more than a statutory declaration of the public nature of the *quo warranto* proceeding referred to.   The words "and not otherwise" add emphasis to what was in reality already expressed, but this is the ordinary phraseology used for such purpose.   The words do not, with any considerable degree of clearness, reflect the idea that a *quo warranto* proceeding which is very public in its nature should fail because the people's complaint reveals a relator.

We think that the rulings of the trial court were erroneous and that the judgment should be reversed.

It is so ordered.

Burnett, J., and Finch, P. J., concurred.