THE PEOPLE OF PUERTO RICO, EX REL. FÉLIX CEPEDA RODRÍGUEZ, Relator and Appellant, *v.* BOLÍVAR PAGÁN, Respondent and Appellee.

No. 8084. Argued January 15, 1940.—Decided January 17, 1940.

*Virgilio Brunet* and *Miguel A. Casiano,* for appellant. *Bolívar Pagán, pro se,* and *Cayetano Coll Cuchí,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On the 15 of last November, the defendant filed a motion praying for the dismissal of the appeal because it had been filed by the relator and not by The People of Puerto Rico through its Attorney General, who is the real party in interest. On the 15th of January, the motion was heard, the attorneys for both parties appearing and arguing the case.

According to the record, the proceeding was filed on November 5, 1938, by the Attorney General of Puerto Rico at the instance of Félix Cepeda, a citizen of the United States, merchant, taxpayer, elector and resident of the City of San Juan, Puerto Rico, against Bolívar Pagán, for the following reasons:

1. Bolívar Pagán was appointed Treasurer of the Capital in 1931 by the City Manager, Mr. Benítez, in accordance with Act No. 99 of that year (Laws of 1931, page 626), and accepted the position.

2. In 1937, the City Manager, De Castro, reappointed him and he accepted and at present occupies said position.

3. In the elections of 1932, Bolívar Pagán was elected senator at-large and re-elected in 1936 and at present holds said position.

4. According to the provisions of Section 16 of the Political Code, as it was amended by Act No. 37 of 1917 (Laws of 1917 (2) page 328), Bolívar Pagán cannot occupy the position of Treasurer because said position is incompatible with that of Senator.

5. Bolívar Pagán in 1933, while Treasurer, presented in the Senate and voted Act No. 32 (Laws of 1932–33, page 254), changing the municipal government of San Juan, making it a political and juridical corporation for local government, an act of privilege made for the purpose of legalizing his tenancy of the position of Treasurer and, therefore, null and contrary to the Organic Act and the Constitution.

The proceeding was authorized and the defendant answered and the relator intervened directly represented by his attorneys Brunet and Casiano. The court finally rendered judgment on June 20, 1939, denying the petition for a writ of *quo warranto*.

The clerk of the court served notice of the judgment on Virgilio Brunet as representative of the prejudiced party and he appealed.

The notice of appeal is drawn up as follows:

"We hereby notify you that the relator in this case, Félix Cepeda Rodríguez, not being in accord with the judgment rendered by the Honorable District Court of San Juan on June 20, 1939, in this case, hereby files an appeal to the Supreme Court of Puerto Rico.

"San Juan, Puerto Rico, July 11, 1939. Virgilio Brunet and Miguel A. Casiano, attorneys for the relator, by (Sgd.) Virgilio Brunet."

It does not appear from the record that the Attorney General, as a representative for The People of Puerto Rico, appealed. Nor does it appear that he was notified of the judgment.

After stating these facts, it is convenient to copy what this Court recently said through its Associate Justice, Mr. De Jesús in the case of *People ex rel. López v. Pérez*, 54 P.R.R. 763, 772–775. It reads as follows:

"We must finally consider, in relation to the demurrer, the lack of interest or legal capacity of the relator to bring this action. It is true that this issue has not been argued in the appellant's brief, but he raised it in his pleadings and discussed it in the lower court, and as said incapacity, if it exists, would affect the sufficiency of the information, it is our duty to discuss it.

"Section 2 of the Law establishing the proceedings of · quo warranto, which is Section 641 of the Code of Civil Procedure (1933 ed.), as amended by Act No. 47 of August 7, 1935 (Special Session Laws, p. 530), as to what is pertinent says as follows:

" 'In case any person should usurp, or unlawfully hold or execute any public office . . . or any public officer shall have done or suffered any act which, by the provisions of the law, involves a forfeiture of his office, . . . the Attorney General or any district attorney, *either on his own initiative or at the instance of another person,* may file before the Supreme Court of Puerto Rico a petition for an information in the nature of Quo Warranto in the name of The People of Puerto Rico; . . .' (Italics supplied.)

"Very similar to our statute is Section 803 of the Code of Civil Procedure of California, which as to what is pertinent says as follows:

" 'Section 803.—An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state. . . .'

"The state, in the name of which the action is brought, is the only plaintiff party in the same. As the attorney general may act

of his own accord, the character of the relator, when he does not claim the right to hold an office executed by another, is similar to a witness for the prosecution in criminal procedure. Therefore, it is not necessary that he have a special interest in the office in question. So has been repeatedly decided by the Supreme Court of California, among other cases in those of *The People of the State of California, ex rel. John M. Cage, relator,* v. *Petroleum Rectifying Co.,* 21 Cal. App. (2d) 289; *People* v. *Reclamation District No. 108,* 169 Cal. 786, 147 Pac. 1176; *People* v. *Sutter Street Railway Co.,* 117 Cal. 604, 612, 49 Pac. 736; *People* v. *Milk Producers Ass'n.,* 60 Cal. App. 439, 442, and finally in that of *People* v. *California Protective Corporation,* (1926) 76 Cal. App. 354, 361, from whose opinion we take the following paragraph:

" 'In support of its contention that respondent has no legal capacity to sue, appellant says that "the relator" the Los Angeles Bar Association, "is not a corporation and therefore has no standing in court to sue in the name of the association." This contention betrays an inexplicable misunderstanding of the nature of this proceeding and of the relation thereto of the "People" as plaintiff. The wrong of which complaint is made is of public, not private, concern. The only connection of the bar association with the case is shown by the opening of the complaint, wherein it is recited that the "People", by their attorney-general, "upon the information and complaint of the Los Angeles Bar Association," complain of defendant and allege the cause of action. The addition of the name of the bar association to the complaint did not make this a private action. It doubtless is true that the arm of the law moved as the result of information given to the attorney-general by the bar association; but that did not make the association the plaintiff in the action.'

"It is well to distinguish the case at bar from *The People ex rel. Zayas* v. *Santiago,* 38 P.R.R. 627, 630, where this Court, following *Santiago* v. *Feuille,* 10 P.R.R. 408, said:

" ' 'As these cases involve the right to public offices the real party in interest is the relator, . . .'

"Both in the case of *The People ex rel. Zayas* v. *Santiago* and in that of *Santiago* v. *Feuille, ubi supra,* the relator claimed for himself a public office to which he claimed to have been lawfully elected and which was being usurped by somebody else. Under such circumstances his interest in the outcome of the proceedings is evident. In the present case the relator does not claim the office for himself. His interest in the matter was simply the one which

every citizen has, that the officers who are to rule the city where he lives should be elected according to law. That is why it was said in the case of *Santiago v. Feuille*:

" '*In quo warranto proceedings, the object of which is to recover an office,* the petitioner is the real party in interest; but where the suit is in regard to the usurpation of a franchise by a corporation, The People of Puerto Rico is the proper party and must be represented by the Attorney General or one of the district *fiscals.*' (Italics supplied.)

"The interest of the relator in the case at bar is similar to that of the relator in an action dealing with the usurpation of a franchise by a corporation."

Applying that jurisprudence to the facts of this case which show that the relator did not claim for himself the occupancy of the position in controversy, his appearance being "similar to a witness for the prosecution in criminal procedure", we must conclude that the direct management of the proceedings pertains to The People through its Attorney General, who must decide whether he accepts or not the judgment rendered by the district court and, therefore, the right to file an appeal belongs exclusively to him if he does not accept said judgment.

The appeal filed exclusively by the relator is ineffectual. The motion to dismiss the appeal is granted.