TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-208 |
| of | : | |
| | : | July 15, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

ZORAN K. BASICH, a professional law corporation, has requested this office to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

Are NEXTEL COMMUNICATIONS, INC. and RECOMM COMMUNICATIONS, INC., by virtue of a single complaint of alleged unlawful deceptive practice, unlawfully holding or exercising their corporate franchises?

CONCLUSION

NEXTEL COMMUNICATIONS, INC. and RECOMM COMMUNICATIONS, INC. are not, by virtue of a single complaint of alleged unlawful deceptive practice, unlawfully holding or exercising their corporate franchises.

PARTIES

ZORAN K. BASICH, a professional law corporation ("relator"), contends that NEXTEL COMMUNICATIONS, INC. and RECOMM COMMUNICATIONS, INC. ("defendants") are each unlawfully holding and exercising a corporate franchise within this state.

MATERIAL FACTS

Defendants are corporations organized under the laws of this state to conduct cellular radio/phone business in this state. Relator alleges essentially that in April of 1997, relator entered into a contract with defendants for the purchase of 10 cellular radio/phones. In connection with this transaction, defendants made certain representations regarding the quality, range, reception, and capabilities of the equipment. Relator alleges that these representations were false and fraudulent.

Defendant Nextel (defendant Recomm did not make an independent appearance in these proceedings) denies the allegations and alleges affirmatively that relator signed a waiver of all express and implied warranties.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (81 Ops.Cal.Atty.Gen. 98, 100 (1998).)

Code of Civil Procedure section 803 provides as follows:

"An action may be brought by the attorney-general in the name of the people of this state . . . upon a complaint of a private party . . . against a corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state . . . ."

This statutory remedy, in the nature of quo warranto, is concurrent with that provided by Corporations Code section 1801 whereby the Attorney General is authorized to bring an action to dissolve and forfeit the existence of a corporation that has seriously offended against a provision of the laws regulating corporations, has fraudulently abused or usurped corporate privileges or powers, or has violated any provision of law by any act or default that is a ground for forfeiture of corporate existence. (*Citizens Utilities Co.* v *Superior Court* (1976) 56 Cal.App.3d 399, 405.)

Accordingly, we must determine whether defendants have usurped or unlawfully exercised their respective franchises (Code Civ. Proc., § 803) or have fraudulently abused or usurped their corporate privileges or powers (Corp. Code, § 1801). In *People v. Milk Producers Assn.* (1923) 60 Cal.App. 439, 443, the court stated:

"It certainly is a matter of public concern that a corporation, under the color or guise of a nonprofit concern, is usurping the functions of an ordinary corporation by employing its capital to engage in business for a profit and is combining with others in the illegal restraint of trade. Such a corporation is not only usurping a franchise in violation of the *quasi*-contract from which [it] derives its power from the state, but, in violating the law, it is exercising a power which the state denies to all persons. The illegal practices

complained of are by the complaint made a feature of the business conducted for a profit - a kind of business which defendant has no right to engage in."

We deduce from the foregoing that corporate conduct may constitute a usurpation of franchise (1) which may not be unlawful in itself, but which is in excess of the corporation's powers (*People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. 439 [nonprofit corporation engaged in business for profit]; *People* v. *California Protective Corp.* (1926) 76 Cal.App. 354, 361 [corporate practice of law] or (2) which is unlawful, although not in excess of the corporation's powers (*People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. 439 [combinations in restraint of trade]; 22 Ops.Cal.Atty.Gen. 113, 116-117 (1953) [insurance company's attempt to influence jurors]).

In the matter under consideration, it is contended that defendants have unlawfully exercised and fraudulently abused their corporate franchises. In support thereof, it is alleged, based on the facts summarized above, that defendants engaged in an unlawful deceptive trade practice in violation of Civil Code section 1770, by (1) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when in fact they are of another, (2) advertising goods or services with intent not to sell them as advertised, (3) representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, and (4) representing that a subject of a transaction has been supplied in accordance with a previous representation, when it has not. (Civ. Code, § 1770, subd. (a)(7), (9), (14), (16).)

Thus, we are concerned with alleged conduct that would be unlawful, although not in excess of defendants' corporate powers. This is not, however, the end of the inquiry. As further explained in *People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. at 444:

". . . We think that, as has been indicated in some of the cases, the attorney-general has some discretion in passing upon complaints of public wrong (*Lamb* v. *Webb*, 151 Cal. 451); that he ought not to sue where the reasons urged for the beginning of an action in *quo warranto* are trivial or the purpose is to redress some grievance which is altogether private . . . ."

In our view, the sole transaction that is the basis for the instant application for leave to sue is, insofar as public injury is concerned, both insubstantial and altogether private. In the first instance, actual damages resulting from the alleged conduct are adequately remediable at law, in addition to punitive damages, costs, attorney's fees, and other proper relief. (Civ. Code, § 1780; Bus. & Prof. Code, § 17500 et seq.)

With respect to the essentially private nature of the alleged injury, we stated in 80 Ops.Cal.Atty.Gen. 290, 292-293 (1997), quoting 9 Ops.Cal.Atty.Gen. 1, 2 (1947), as follows:

"'The right to proceed in quo warranto is time honored, and the Attorney General is of the opinion that in exercising the powers vested in him he should give careful

consideration to the question as to whether the leave to sue should issue in each case to the end that there will be presented to the courts actions brought in the name of the People of the State only in cases where such a course is the only one open to the proposed relator. In other words, *in matters solely of private concern, it should be the policy to deny quo warranto* in cases where there is adequate remedy otherwise available to the parties claiming to be aggrieved. *People* v. *Milk Producers*, 60 Cal.App. 439.'" (Italics added.)

Finally, as summarized in *People* v. *Dashaway Assn.* (1890) 84 Cal. 114, 119:

"Cases of forfeiture are said to be divided into two great classes:

"1. *Cases of perversion;* as where a corporation does an act inconsistent with the nature and destructive of the ends and purposes of the grant. In such cases, *unless the perversion is such as to amount to an injury to the public, who are interested in the franchise, it will not work a forfeiture.*

"2. *Cases of usurpation;* as where a corporation exercises a power which it has no right to exercise. In this last case the question of forfeiture is not dependent, as in the former, upon any interest or injury to the public." (Italics added.)

Giving the application herein its proper weight, we find no substantial question of law or fact that requires judicial resolution. Leave to sue in quo warranto is DENIED.

\* \* \* \* \*