TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-201 |
| of | : | |
| | : | July 15, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

EMERGING MARKETS LEASING CO., LLC, has requested this office to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

Is GLENDALE NISSAN, INC., by virtue of a single complaint of alleged unlawful deceptive practice, unlawfully holding or exercising its corporate franchise?

CONCLUSION

GLENDALE NISSAN, INC. is not, by virtue of a single complaint of alleged unlawful deceptive practice, unlawfully holding or exercising its corporate franchise.

PARTIES

EMERGING MARKETS LEASING CO., LLC. ("relator") contends that GLENDALE NISSAN, INC. ("defendant") is unlawfully holding and exercising a corporate franchise within this state.

MATERIAL FACTS

Relator is in the business of leasing automobiles. Defendant is in the business of selling automobiles. Relator alleges essentially that on or about January 10, 1998, defendant advertised for sale to the public certain automobiles at specified "blowout" prices. Relator dispatched an employee to purchase one or more automobiles at the advertised price. Relator's employee

offered and defendant's salesperson agreed to accept a trade-in plus cash for one automobile and a cash down payment for another.

On the following day, relator's president met with defendant's sales manager to formalize the arrangement. However, the sales manager stated that he could not complete the deal, but would allow a lesser amount for the trade-in on another vehicle. On the next day, the sales manager explained that both of the vehicles which were the subject of the earlier oral agreement had been sold, but that the lesser trade-in allowance on another vehicle was still available.

Defendant alleges that when the principals met for the first time, relator tendered the registration for the trade-in, which was branded as "salvage." The fact that the trade-in had been so branded had not been previously disclosed to defendant or its salesperson. Defendant explained to relator that the salvaged trade-in was not acceptable, but that the new vehicle was available at the advertised price. On the next day, negotiations were terminated and relator left the premises.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (81 Ops.Cal.Atty.Gen. 98, 100 (1998).)

Code of Civil Procedure section 803 provides as follows:

"An action may be brought by the attorney-general in the name of the people of this state . . . upon a complaint of a private party . . . against a corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state . . . ."

This statutory remedy, in the nature of quo warranto, is concurrent with that provided by Corporations Code section 1801 whereby the Attorney General is authorized to bring an action to dissolve and forfeit the existence of a corporation that has seriously offended against a provision of the laws regulating corporations, has fraudulently abused or usurped corporate privileges or powers, or has violated any provision of law by any act or default that is a ground for forfeiture of corporate existence. (*Citizens Utilities Co.* v. *Superior Court* (1976) 56 Cal.App.3d 399, 405.)

Accordingly, we must determine whether defendant has usurped or unlawfully exercised its corporate franchise (Code Civ. Proc., § 803) or has fraudulently abused or usurped its corporate privileges or powers (Corp. Code, § 1801). In *People* v. *Milk Producers Assn.* (1923) 60 Cal.App. 439, 443, the court stated:

"It certainly is a matter of public concern that a corporation, under the color or guise of a nonprofit concern, is usurping the functions of an ordinary corporation by employing its capital to engage in business for a profit and is combining with others in the illegal restraint of trade. Such a corporation is not only usurping a franchise in violation of the *quasi*-contract from which [it] derives its power from the state, but, in violating the law, it is exercising a power which the

state denies to all persons. The illegal practices complained of are by the complaint made a feature of the business conducted for a profit - a kind of business which defendant has no right to engage in."

We deduce from the foregoing that corporate conduct may constitute a usurpation of franchise (1) which may not be unlawful in itself, but which is in excess of the corporation's powers (*People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. 439 [nonprofit corporation engaged in business for profit]; *People* v. *California Protective Corp.* (1926) 76 Cal.App. 354, 361 [corporate practice of law] or (2) which is unlawful, although not in excess of the corporation's powers (*People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. 439 [combinations in restraint of trade]; 22 Ops.Cal.Atty.Gen. 113, 116-117 (1953) [insurance company's attempt to influence jurors]).

In the matter under consideration, it is contended that defendant has unlawfully exercised and fraudulently abused its corporate franchise. In support thereof, it is alleged, based on the facts summarized above, that defendant engaged in an unlawful deceptive trade practice in violation of Civil Code section 1770 by (1) advertising goods or services with intent not to sell them as advertised, (2) advertising goods or services with intent not to supply reasonably expectable demand, and (3) misrepresenting the authority of a salesperson to negotiate the final terms of a transaction. (Civ. Code, § 1770, subd. (a)(9), (10), (18).)

Thus, we are concerned with alleged conduct that would be unlawful, although not in excess of defendant's corporate powers. This is not, however, the end of the inquiry. As further explained in *People* v. *Milk Producers Assn.*, *supra*, 60 Cal.App. at 444:

". . . We think that, as has been indicated in some of the cases, the attorney-general has some discretion in passing upon complaints of public wrong (*Lamb* v. *Webb*, 151 Cal. 451); that he ought not to sue where the reasons urged for the beginning of an action in *quo warranto* are trivial or the purpose is to redress some grievance which is altogether private . . . ."

In our view, the sole transaction that is the basis for the instant application for leave to sue is, insofar as public injury is concerned, both insubstantial and altogether private. In the first instance, actual damages resulting from the alleged conduct are adequately remediable at law, in addition to punitive damages, costs, attorney's fees, and other proper relief. (Civ. Code, § 1780; Bus. & Prof. Code, § 17500 et seq.)

With respect to the essentially private nature of the alleged injury, we stated in 80 Ops.Cal.Atty.Gen. 290, 292-293 (1997), quoting 9 Ops.Cal.Atty.Gen. 1, 2 (1947), as follows:

"'The right to proceed in quo warranto is time honored, and the Attorney General is of the opinion that in exercising the powers vested in him he should give careful consideration to the question as to whether the leave to sue should issue in each case to the end that there will be presented to the courts actions brought in the name of the People of the State only in cases where such a course is the only one open to the proposed relator. In other words, *in matters solely of private concern, it should be the policy to deny quo warranto* in cases where there is adequate

remedy otherwise available to the parties claiming to be aggrieved. *People* v. *Milk Producers*, 60 Cal.App. 439.'" (Italics added.)

Finally, as summarized in *People* v. *Dashaway Assn.* (1890) 84 Cal. 114, 119:

"Cases of forfeiture are said to be divided into two great classes:

"1. *Cases of perversion;* as where a corporation does an act inconsistent with the nature and destructive of the ends and purposes of the grant. In such cases, *unless the perversion is such as to amount to an injury to the public, who are interested in the franchise, it will not work a forfeiture*.

"2. *Cases of usurpation;* as where a corporation exercises a power which it has no right to exercise. In this last case the question of forfeiture is not dependent, as in the former, upon any interest or injury to the public." (Italics added.)

Giving the application herein its proper weight, we find no substantial question of law or fact that requires judicial resolution. Leave to sue in quo warranto is DENIED.

\* \* \* \* \*