EDMUND G. BROWN JR. Attorney General GREGORY L. GONOT Deputy Attorney General
May a general manager or department head of a (1) municipal water district, (2) public utility district, (3) county water district, or (4) irrigation district, and (5) the city manager or department head of a city, serve on the board of directors of a county water authority as the representative of a member agency? *Page 2 
 CONCLUSION
A general manager or department head of a (1) municipal water district, (2) public utility district, (3) county water district, or (4) irrigation district, and (5) the city manager or department head of a city may serve on the board of directors of a county water authority as the representative of a member agency.
 ANALYSIS
Under the County Water Authority Act (Stats. 1943, ch. 545; "Act"; see West's Ann.Wat.-Appen. (1968) ch. 45; 4 Deering's Ann. Wat.-Uncod. Acts (1970) Act 9100), two or more public agencies may establish a county water authority ("Authority") to provide water for its member agencies. The Act requires each member agency to have at least one representative on the Authority's board of directors. (Act, § 6.) We are asked whether an agency's representative may be the agency's general manager or a department head or, in the case of a city, the city manager or a department head. We conclude that an Authority's board of directors may include general managers, city managers, and department heads of its constituent agencies.
The particular member agencies in question are (1) a municipal water district (Wat. Code, §§ 71000-73001), (2) a public utility district (Pub. Util. Code, §§ 15501-18055), (3) a county water district (Wat. Code, §§ 30000-33901), (4) an irrigation district (Wat. Code, §§ 20500-29978), and (5) a city with a city-manager form of government (Gov. Code, §§34851-34859).[1]
Resolution of the question presented calls for an examination of section 1099, which was recently enacted (Stats. 2005, ch. 254, § 1) to codify the common law prohibition against the holding of "incompatible offices." (See People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636,642; People ex rel. Deputy Sheriffs' Assn. v. County of Santa Clara
(1996) 49 Cal.App.4th 1471, 1481; 81 Ops.Cal.Atty.Gen. 344, 345 (1998).) Section 1099 provides:
 (a) A public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible. Offices are incompatible when any of the following circumstances are present, unless simultaneous holding of the particular offices is compelled or expressly authorized law: *Page 3 
 (1) Either of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body.
 (2) Based on the powers and jurisdiction of the offices, there is a possibility of a significant clash of duties or loyalties between the offices.
 (3) Public policy considerations make it improper for one person to hold both offices.
 (b) When two public offices are incompatible, a public officer shall be deemed to have forfeited the first office upon acceding to the second. This provision is enforceable pursuant to Section 803 of the Code of Civil Procedure.
 (c) This section does not apply to a position of employment, including a civil service position.
 (d) This section shall not apply to a governmental body that has only advisory powers.
 (e) For purposes of paragraph (1) of subdivision (a), a member of a multimember body holds an office that may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over another office when the body has any of these powers over the other office or over a multimember body that includes that other office.
 (f) This section codifies the common law rule prohibiting an individual from holding incompatible public offices.
In an uncodified portion of the legislation (Stats. 2005, ch. 254, § 2), the Legislature declared:
 Nothing in this act is intended to expand or contract the common law rule prohibiting an individual from holding incompatible public offices. It is intended that courts interpreting this act shall be guided by judicial and administrative precedent concerning incompatible public offices developed under the common law. *Page 4 
Pursuant to section 1099 and established precedent, a person may not simultaneously hold two public offices if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either office exercises a supervisory, auditing, or removal power over the other. (§ 1099, subd. (a); see People ex rel. Chapman v. Rapsey, supra,16 Cal.2d 636; 81 Ops.Cal.Atty.Gen., supra, at p. 345.) For the prohibition to apply, each position must be a "public office," and not merely a "position of employment" ( § 1099, subd. (c); see58 Ops.Cal.Atty.Gen. 109, 111 (1975)), and there must be an "absence of statutes suggesting a contrary result" (38 Ops.Cal.Atty.Gen. 113, 113 (1961); see § 1099, subd. (a); 81 Ops.Cal.Atty.Gen., supra, at p. 345;78 Ops.Cal.Atty.Gen. 60, 62-63 (1995)). The consequence of holding incompatible offices is that the person is deemed to have forfeited the first upon accepting the second. (§ 1099, subd. (b); People ex rel. Chapman v. Rapsey,supra, 16 Cal.2d at p. 644; see 3 McQuillin, Municipal Corporations (3d ed. 2001) § 1267, p. 367.)
Here, we may first note that a director of the Authority clearly holds a "public office" for purposes of the incompatible offices rule. The directors constitute the policymaking body of the Authority, exercising judgment and discretion in carrying out their responsibilities and the "sovereign powers of government." (See Stout v. Democratic CountyCentral Com. (1952) 40 Cal.2d 91, 94; People ex rel. Chapman v.Rapsey, supra, 16 Cal.2d, supra, at pp. 639-640; People v. MilkProducers Assn. (1923) 60 Cal.App. 439, 444; 81 Ops.Cal.Atty.Gen. 304,305 (1998).) We have previously determined that the directors of a variety of public water agencies are officers for purposes of the incompatible offices doctrine. (See, e.g., 85 Ops.Cal.Atty.Gen. 60, 61
(2002) [municipal water district]; 82 Ops.Cal.Atty.Gen. 68, 69 (1999) [county water district]; 76 Ops.Cal.Atty.Gen. 81, 83 (1993) [special act water district, irrigation district]; 75 Ops.Cal.Atty.Gen. 10, 13
[California water district]; 73 Ops.Cal.Atty.Gen. 183, 185 (1990) [community services district water agency].)
On the other hand, with respect to a "department head" within a public agency, we have repeatedly found that he or she is an "employee," rather than the holder of an "office," and thus not subject to the incompatible offices rule. (See 82 Ops.Cal.Atty.Gen. 83 (1999) [city community development director]; 80 Ops.Cal.Atty.Gen. 74 (1997) [assistant city manager]; 78 Ops.Cal.Atty.Gen. 362 (1995) [sheriff deputy chief];74 Ops.Cal.Atty.Gen. 82 (1991) [city fire division chief];40 Ops.Cal.Atty.Gen. 238 (1962) [district agricultural association "coordinator-manager"]; 26 Ops.Cal.Atty.Gen. 29 (1955) [county administrator]; see also Kirk v. Flournoy (1974) 36 Cal.App.3d 553
[irrigation district assistant legal counsel]; Schaefer v. SuperiorCourt (1952) 113 Cal.App.2d 428 [Department of Employment district office administrator].) Hence, a department head within a member agency may serve as the agency's representative on the Authority's board of directors. *Page 5 
However, the position of a general manager or a city manager may not be so easily categorized for purposes of the incompatible offices rule. As we have previously cautioned: "[w]hether a particular governmental position is an `office' as distinguished from an `employment' is often difficult to determine" (76 Ops.Cal.Atty.Gen. 157, 159 (1993)), whether a water district general manager holds a public office "is not so easily classified" (67 Ops.Cal.Atty.Gen. 409, 410 (1984)), "the determination whether an individual is a public officer or a mere employee is fraught with difficulty" (66 Ops.Cal.Atty.Gen. 176, 178 (1983)), "[w]hether a particular position is a public office as opposed to a mere employment may, in many instances, be difficult to resolve" (65 Ops.Cal.Atty.Gen. 316, 317-318 (1982)), and "[t]he distinction between an office and an employment is not one which is easy to draw" (26 Ops.Cal.Atty.Gen., supra, at p. 31).
While ordinarily we would be required to examine each of the manager positions in question to determine whether it is an "office" for purposes of the incompatible offices prohibition,[2] here we need not do so. Of course, for those general managers and city managers who hold positions of employment, they may serve as directors of the Authority just as may department heads within a constituent member agency. For example, one of the general managers in question has the title of "president" but has the classification of an employee. (See Wat. Code, §§ 20524, 21120, 21123, 22840.5, 22848; Off. of Local Government, Enrolled Bill Report on Assem. Bill No. 1369 (1983-1984 Reg. Sess.) Aug. 23, 1983; Kirk v. Flournoy, supra, 36 Cal.App.3d at p. 558, fn. 2.)
On the other hand, some of the general managers and city managers may hold an "office" under traditional incompatible offices analysis. For example, we have previously concluded that the general manager of a county water district holds a public office for purposes of the prohibition. (67 Ops.Cal.Atty.Gen., supra, at p. 413.) However, we believe that the Legislature has sanctioned such dual office holding by these officers when they sit as Authority directors representing their appointing agencies.
First, we are considering here a public agency, the Authority, that iscomprised of other public agencies, and its directors serve as therepresentatives of the constituent member agencies. The "possibility of a significant clash of duties or loyalties between the offices" (§ 1099, subd. (a)(2)) is thus statutorily anticipated when an Authority director is *Page 6 
"representing" the interests of his or her constituent member agency on the Authority's board of directors.
Neither we nor the courts have applied the incompatible offices rule to situations where the directors of one public agency are authorized by the Legislature to be the representatives of constituent member public agencies. In such circumstances, it has been found that the Legislature has abrogated the prohibition. Thus, in People v. Carter (1936)12 Cal.App.2d 105, 110-111, the court ruled that the incompatible offices rule did not prevent a city mayor from serving as the city's representative on the board of directors of the Metropolitan Water District of Southern California. (See also American Canyon FireProtection Dist. v. County of Napa (1983) 141 Cal.App.3d 100, 104-106
[incompatible offices rule does not prevent a county supervisor from serving as the director of a county district].) In67 Ops.Cal.Atty.Gen. 369 (1984), we "concluded that the common law rule against holding incompatible offices does not prevent the dual office holding" of a water district director serving simultaneously as a county water agency director. (Id. at p. 380; see also 90 Ops.Cal.Atty.Gen. __, __ (2007) [incompatible offices rule has no application "where one public agency is a member of another public agency and is required to appoint a `representative' to promote its interests on the latter agency's board of directors"].)
In this regard, subdivision (b) of section 6 of the Act expressly contemplates the possibility of dual office holding with "divided loyalties" owed by an Authority director to both the Authority and to a constituent member agency:
 The board of directors shall consist of at least one representative from each public agency, the area of which is within the authority. The representatives shall be designated and appointed by the chief executive officers of those public agencies, respectively, with the consent and approval of the legislative bodies of the public agencies, respectively. Any member of the governing body of a member agency may be appointed by that member agency to the board of the authority to serve as the agency's representative. A majority of the members of the governing body of an agency may not be appointed by the agency to serve as representatives on the board of the authority, and, for a member agency that is not a water district, only one of the representatives of that agency may be a member of the governing body of the agency. Any director holding dual offices shall not vote upon any contract between a county water authority and the member public agency he or she represents on the authority's board. . . . *Page 7 
(Italics added.) As the representative of a constituent member agency, each Authority director may not only have a loyalty to his or her appointing agency but may even promote the interests of the appointing agency. The Legislature has weighed the advantages and disadvantages of having Authority directors with such conflicting loyalties and has determined that the public would be best served by allowing the interests of the appointing agencies to be represented on the Authority's board of directors. After all, the Authority is created and exists to benefit its constituent member agencies.
Moreover, an examination of the entire structure of the Authority leads to the conclusion that the "check" on such representation of interests by each Authority director is found in the other Authority directors' having loyalties to their own appointing agencies. In addition, the Act provides another "check" by prohibiting an Authority director from voting "upon any contract between a county water authority and the member public agency he or she represents on the authority's board." (Act, § 6, subd. (b).)[3]
We also find it significant that when the Act was first amended in 1973 to specifically allow limited dual office holding (Stats. 1973, ch. 754, § 1), the legislative history of that amendment indicates that the Legislature did not contemplate general managers or city managers as holding "offices" for purposes of the incompatible offices rule. (See Sen. Com. on Agriculture and Water Resources, Rep. on Sen. Bill No. 1056 (1973-1974 Reg. Sess.) as amended June 11, 1973; Cal. Dept. of Water Resources, Enrolled Bill Rep. on Sen. Bill No. 1056 (1973-1974 Reg. Sess.) Sept. 20, 1973.) This legislative history supports our interpretation of the Act's provisions as they relate to general managers and city managers of constituent member agencies.
Additionally, we note that only one Authority has been formed under the Act, the San Diego County Water Authority, which was established in 1944. This Authority has traditionally interpreted the Act as allowing general managers and city managers to represent their employing agencies on the Authority's board of directors. Currently, five such Authority directors are general managers of their employing agencies. In67 Ops.Cal.Atty.Gen. 369, supra, we accorded significance to the practice of a water agency in appointing its directors: "the Legislature could not have been blind to the historical practice of generally appointing district board members to the council, and to the fact that *Page 8 
the statutory scheme itself required two representatives from local districts to serve on the agency." (Id. at p. 380.)
One other aspect of the dual office holding in question merits discussion. Section 6 of the Act requires that Authority directors, as representatives of their member agencies, "be designated and appointed by the chief executive officers of these public agencies, respectively, with the consent and approval of the legislative bodies of the public agencies, respectively." No definition of the term "chief executive officer" is contained in the Act. However, a related statutory scheme, the Metropolitan Water District Act of 1969 (Stats. 1969, ch. 209; West's Ann. Wat.-Appen. (1995) ch. 109; 4 Deering's Ann. Wat.-Uncodified Acts (1970) Act 9129), contains similar appointment provisions as well as detailed definitions. It defines a "chief executive officer" as "the mayor of any city and the presiding officer of the governing body of any other public agency." (Stats. 1969, ch. 441, § 1.) "Applying the rule of statutory construction that `"provisions relating to the same subject matter must be harmonized to the extent possible"' [citation]" (Cooley v. Superior Court (2002) 29 Cal.App.4th 228, 248), we may incorporate this definition into section 6 of the Act. Accordingly, a general manager or a city manager does not hold the power of appointment with respect to Authority directors under the Act's provisions.
Such construction of the Act is consistent with its legislative history. At one time, the Act contained the following prohibition against self appointments: "No member of such a governing body shall appoint himself or vote for his own appointment." (Stats. 1973, ch. 754, § 1.) In this context, then, the "chief executive officer" of a constituent member agency who is making the "appointment" would be a member of its governing body, including the mayor of a city, and not a person holding the position of general manager or city manager.
The enactment of section 1099 did not "expand or contract the common law rule prohibiting an individual from holding incompatible public offices," and its interpretation "shall be guided by judicial and administrative precedent concerning incompatible public offices developed under the common law." (Stats. 2005, ch. 254, § 2.) Hence, we find that the Legislature has abrogated the prohibition in the present circumstances because "a possibility of a significant clash of duties or loyalties between the office" (§ 1099, subd. (a)(2)) is statutorily recognized and the "simultaneous holding of the particular offices is compelled or expressly authorized by law." (§ 1099, subd. (a).) *Page 9 
We conclude that a general manager or department head of a (1) municipal water district, (2) public utility district, (3) county water district, or (4) irrigation district, and (5) the city manager or department head of a city, may serve on the board of directors of an Authority as the representative of a member agency.
[1] All further references to the Government Code are by section number only.
[2] A position may be an "office" for some purposes but not for others. (See Davis v. Kerrick (1959) 52 Cal.2d 517, 519; Pockman v.Leonard (1952) 39 Cal.2d 676, 683; Martin v. Riley (1942) 20 Cal.2d 28,34; Neigel v. Superior Court (1977) 72 Cal.App.3d 373, 378; Estrada v.Indemnity Ins. Co. (1958) 158 Cal.App.2d 129, 134;76 Ops.Cal.Atty.Gen., supra, at p. 161.) "[W]e are directed to examine duties rather than titles [citations]." (67 Ops.Cal.Atty.Gen., supra, at p. 413; see68 Ops.Cal.Atty.Gen. 337, 346 (1985) ["we have been confronted before with positions with impressive titles which we concluded were employments"].)
[3] This prohibition is expressly applicable to Authority directors "holding dual offices." Department heads, general managers, and city managers who hold positions of employment within constituent member agencies may be prohibited from participating in decisions in their capacity as Authority directors regarding such contracts under a different prohibition, section 1090. (See §§ 1091, subd. (b)(13), 1091.5, subd. (a)(9); 85 Ops.Cal.Atty.Gen. 115, 117-119 (2002);85 Ops.Cal.Atty.Gen. 6, 7 (2002); 83 Ops.Cal.Atty.Gen. 246, 248-249 (2000); see also Eldridge v. Sierra View Local Hospital Dist. (1990)224 Cal.App.3d 311, 323.) *Page 1