TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  | : |  |
| :--- | :--- | :--- |
| OPINION | : | No. 22-1001 |
|  | : |  |
| of | : | January 26, 2023 |
|  | : |  |
| ROB BONTA | : |  |
| Attorney General | : |  |
|  | : |  |
| KARIM J. KENTFIELD | : |  |
| Deputy Attorney General | : |  |

---

The DISTRICT ATTORNEY OF LOS ANGELES COUNTY has applied to this office for leave to sue DAVID ARGUDO in quo warranto to remove him from his public office as a member of the La Puente City Council. The application asserts that Argudo, while serving on the La Puente City Council, assumed a second and incompatible public office as a member of the La Puente Valley County Water District Board of Directors, in violation of Government Code section 1099, and by doing so forfeited his seat on the La Puente City Council.

We conclude that there is a substantial legal issue as to whether Argudo is simultaneously holding incompatible public offices. Consequently, and because the public interest will be served by allowing the proposed quo warranto action to proceed, the application for leave to sue is GRANTED.

## BACKGROUND

The City of La Puente is a general law city in Los Angeles County. It is governed by a five-member City Council.[1] In portions of La Puente, water services are managed

---

[1] The City of La Puente, City Council, https://lapuente.org/city-council (as of Jan. 24, 2023).

1

by the La Puente Valley County Water District.[2]  The Water District supplies water from groundwater wells to residential and commercial buildings, including facilities owned and operated by the City itself.  The Water District is governed by a five-member Board of Directors.[3]

In November 2020, David Argudo was elected to serve on both the La Puente City Council and the Water District Board of Directors.  He began his current term on the City Council on December 10, 2020.[4]  Four days later, on December 14, 2020, he began his current term on the Water District Board of Directors.

The Los Angeles County District Attorney now contends that the two offices Argudo holds are legally incompatible under Government Code section 1099.  Section 1099(b) provides that a public officeholder who assumes a second, incompatible public office thereby forfeits the first office held, and that this forfeiture is enforceable through an action in quo warranto.  Based on this alleged incompatibility of offices, the District Attorney requests our permission to file a quo warranto lawsuit in superior court seeking Argudo's removal from the La Puente City Council.  Argudo did not file an opposition to the quo warranto application.

## ANALYSIS

Quo warranto is a civil action used, among other purposes, to challenge an incumbent public official's right or eligibility to hold a given public office.[5]  This form of action is codified in section 803 of the Code of Civil Procedure, which provides that "[a]n action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."[6]

---

[2] La Puente Valley County Water District, About Us, https://lapuentewater.com/about-us (as of Jan. 24, 2023).

[3] La Puente Valley County Water District, Board of Directors, https://lapuentewater.com/governance/board-of-directors (as of Jan. 24, 2023).

[4] Argudo has previously served on the La Puente City Council as well.  (See The City of La Puente, Election & Voter Information, Past Election Results, https://lapuente.org/election-and-voter-information (as of Jan. 24, 2023).)

[5] Code Civ. Proc., § 803; *Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225; 76 Ops.Cal.Atty.Gen. 157, 162-163 (1993).

[6] Code Civ. Proc., § 803; see *Rando v. Harris* (2014) 228 Cal.App.4th 868, 873; 97 Ops.Cal.Atty.Gen. 12, 14 (2014).

22-1001

Where a private party seeks to pursue a quo warranto action in superior court, that party (known in this context as a relator, or proposed relator) must first apply for and obtain the Attorney General's consent to do so.  In determining whether to grant that consent, we do not attempt to resolve the merits of the controversy.  Rather, we consider (1) whether quo warranto is an available and appropriate remedy; (2) whether the proposed relator has raised a substantial issue of law or fact that warrants judicial resolution; and (3) whether authorizing the quo warranto action will serve the public interest.[7]  Here, the answer to all three questions is "yes," and we therefore grant leave to sue.

## 1.  Availability of Quo Warranto Remedy

Section 1099(b) directs that the forfeiture of an incompatible public office is "enforceable pursuant to Section 803 of the Code of Civil Procedure," which authorizes an action in the nature of quo warranto to remove a person who unlawfully holds any public office.  Under section 1099(a), a public office includes membership on a government board or body, such as a city council or a water district board of directors.  Thus, quo warranto is an available and appropriate remedy here.

## 2.  Substantial Issue Regarding Incompatibility

We next examine whether there is a substantial issue of law or fact as to the incompatibility of the two public offices in question.  Section 1099(a) provides that "[a] public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible."[8]  That prohibition "springs from considerations of public policy which demand that a public officer discharge his or her duties with undivided loyalty."[9]  As relevant here, two offices are incompatible if "there is a possibility of a significant clash of duties or loyalties between the offices."[10]  Upon a finding that two offices are legally incompatible, "a public officer shall be deemed to have forfeited the first office upon acceding to the second."[11]

To find that two offices are incompatible based on a significant clash of duties or loyalties, a conflict need not have actually occurred; it is enough that a conflict *may* occur

---

[7] *Rando v. Harris*, *supra*, 228 Cal.App.4th at p. 879; 72 Ops.Cal.Atty.Gen. 15, 20 (1989).

[8] The prohibition does not apply if the "simultaneous holding of the particular offices is compelled or expressly authorized by law."  (Gov. Code, § 1099, subd. (a).)  No law compels or expressly authorizes the simultaneous holding of the offices at issue here.

[9] 68 Ops.Cal.Atty.Gen. 337, 339 (1985).

[10] Gov. Code, § 1099, subd. (a)(2).

[11] Gov. Code, § 1099, subd. (b).

3

in the regular operation of the statutory plan.[12]  Nor is it necessary for a clash of duties or loyalties to occur in all or in the greater part of the official functions.[13]  Indeed, "[o]nly one potential significant clash of duties or loyalties is necessary to make offices incompatible."[14]  When two offices are deemed incompatible, the conflicted officeholder may not escape the effects of the doctrine by choosing not "'to perform one of the incompatible roles.  The doctrine was designed to avoid the necessity for that choice.'"[15]

Applying these principles, the California Court of Appeal has held that a city mayor and member of the city council who also served as a director of the area water replenishment district held incompatible offices.[16]  The water district set the rate of groundwater replenishment fees that would "ultimately be paid" by city residents and the city itself (for water supplied to municipal buildings).[17]  As a water district director, the defendant participated in the rate-setting decision.  In doing so, his "duties and loyalties" pointed in "opposite direction[s]":  his duty as a director was to ensure the replenishment fee was high enough to maintain "the adequacy of the groundwater supply," whereas his duty as mayor was "to minimize" the fees paid by city residents.[18]  Given this "obvious" potential conflict, the court found the offices incompatible.[19]

Similarly, in a prior Attorney General opinion, we concluded that the offices of county water district director and city councilmember were incompatible where the water district provided services within the city.[20]  A water district, we explained, "may make contracts with the city"—in which case a person serving concurrently as water district director and city councilmember "would have to serve two masters" in contract negotiations.[21]  And "[s]harp conflicts" could also arise in areas where the city and the water district had overlapping statutory authority, such as the construction of sewer facilities.[22]  For similar reasons, we have concluded in other quo warranto matters that

---

[12] 98 Ops.Cal.Atty.Gen. 94, 96 (2015).

[13] *People ex rel. Chapman v. Rapsey* (1940) 16 Cal.2d 636, 641-642.

[14] 85 Ops.Cal.Atty.Gen. 199, 200 (2002).

[15] 67 Ops.Cal.Atty.Gen. 409, 414 (1984), quoting 3 McQuillin, Municipal Corporations (rev. ed. 1973) § 12.67, pp. 295-296.

[16] *People ex rel. Lacey v. Robles* (2020) 44 Cal.App.5th 804, 810-812, 814-815.

[17] *Id.* at p. 821.

[18] *Ibid.*

[19] *Ibid.*

[20] 37 Ops.Cal.Atty.Gen. 21, 22-23 (1961).

[21] *Id.* at p. 22.

[22] *Ibid.*

4

there is at least a substantial question as to whether the offices of water district director and city councilmember are incompatible where the two governing bodies have overlapping jurisdiction.[23]

We reach the same conclusion here:  There is a substantial issue as to whether the two offices held by Argudo are incompatible.  The La Puente Valley County Water District sells water to the residents of La Puente.  As a Water District Director, Argudo may participate in setting the water rates "that will ultimately be paid by his constituents" and the City itself.[24]  In doing so, Argudo may face a conflict between the interests of the Water District in ensuring adequate revenues and the interests of the City and its residents in minimizing water costs.[25]  A conflict could also arise if the City and the Water District negotiated a contract or acted in areas of overlapping authority.[26]  In our view, these potentially significant clashes of duties and loyalties give rise to a substantial issue as to whether the two offices are incompatible.

**3.  Public Interest in Favor of Authorizing Suit**

Finally, we conclude that it is in the public interest to have this matter conclusively resolved through the prescribed legal process of quo warranto.[27]  We generally view the need for judicial resolution of a substantial question of fact or law as a sufficient "public purpose" to warrant granting leave to sue, absent countervailing circumstances such as pending litigation or shortness of time remaining in the term of office.[28]  We find no such circumstances here.  Indeed, allowing the proposed quo warranto action to proceed would serve the public interest in ensuring that public officials avoid conflicting loyalties in performing their public duties.

Accordingly, the application for leave to sue in quo warranto is GRANTED.

---

[23] See 98 Ops.Cal.Atty.Gen., *supra*, at p. 94; 85 Ops.Cal.Atty.Gen., *supra*, at p. 199.  In addition, we have found at least a substantial question as to whether the office of water district director is incompatible with other local offices with overlapping jurisdiction. (See, e.g., 85 Ops.Cal.Atty.Gen. 60 (2002) [municipal water district director and school district trustee]; 82 Ops.Cal.Atty.Gen. 68 (1999) [county water district director and city planning commissioner]; 73 Ops.Cal.Atty.Gen. 268 (1990) [county water district director and school district trustee].)

[24] *People ex rel. Lacey v. Robles*, *supra*, 44 Cal.App.5th at p. 821.

[25] See *ibid.*

[26] See 37 Ops.Cal.Atty.Gen., *supra*, at p. 22.

[27] See Gov. Code, § 1099, subd. (b).

[28] 98 Ops.Cal.Atty.Gen., *supra*, at p. 101; 95 Ops.Cal.Atty.Gen. 77, 87 (2012).