Filed 1/14/25  Marriage of Norwood and Lewis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of LISA NORWOOD and MARK LEWIS. | |
| LISA YVETTE NORWOOD, Appellant, v. MARK IRVIN LEWIS, Respondent. | E083356 (Super.Ct.No. FLRI2303734) OPINION |

APPEAL from the Superior Court of Riverside County.  Cheryl C. Murphy, Judge.  Affirmed.

Lisa Yvette Norwood, in pro. per., for Appellant.

No appearance for Respondent.

1

Appellant Lisa Yvette Norwood (Wife) petitioned the family court for the dissolution of her marriage to respondent Mark Irvin Lewis (Husband). The family court ordered the sale of Wife and Husband's marital home. Wife raises three issues on appeal. First, Wife contends the family court lacked jurisdiction over the case. Second, Wife asserts the family court violated Wife's federal constitutional right to not be deprived of her property. Third, Wife asserts the family court judge is not a judge and thus the family court's orders are invalid. We affirm.

## FACTS

In June 2023 Husband moved out of the house (the House) he owned with Wife, and Wife petitioned for the dissolution of their marriage. The family court ordered Husband to pay the mortgage on the House. Husband requested an order directing the House be sold. On February 5, 2024, the family court found the House was at risk of being foreclosed upon, due to a balance owed of $35,000. The family court ordered the House be sold and ordered the parties to cooperate with the sale.

On February 8, 2024, Husband requested an order directing Wife to move out of the House. On February 9, 2024, Wife claimed she complied with the family court's order by selling the House to "A Private Trust for 21 gold backed stamps per the 7th Amendment." Wife asserted she remained in the House as a tenant. A hearing on Husband's February 8, 2024, request for an order directing Wife to vacate the House was set for April 23, 2024. A ruling on Husband's February 8, 2024, eviction request is not included in the record.

Wife's notice of appeal specifies that she is appealing from the order entered on February 5, 2024, and an order entered on February 8, 2024, although no substantive

2

order was entered that day. The record on appeal, consisting only of a clerk's transcript, begins with documents dated February 5, 2024. The register of actions is the primary document indicating what occurred in the case prior to February 5, 2024.

## DISCUSSION

### A. JURISDICTION

On February 16, 2024, Wife moved to dismiss the case. Within that motion, Wife "challenge[d] the jurisdiction of the court to prosecute." On appeal, Wife contends that she "challenged [the] jurisdiction of the court and allowed the court ten (10) days to provide [Wife] with proof of jurisdiction. The court failed to provide the requested proof which stands as evidence of [a] lack of jurisdiction regarding the case."

" '[[T]he appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " *(Jameson v. Desta* (2018) 5 Cal.5th 594, 609 *(Jameson).)* In her appellant's opening brief, Wife contends, "The court erred in issuing a judgment on May 2nd, 2024, that [Wife] was to be evicted from the home. The issue with this is the court failed to provide [Wife] with proof of standing and jurisdiction, therefore [Wife] is requesting for the court to appeal the previous judgment." The documents in the record end in April 2024. Thus, the May 2, 2024, ruling is not in the record. Without a ruling to review, we must resolve the issue against Wife.

Further, Wife is discussing a ruling that took place *after* the February 5, 2024, order specified in her notice of appeal. "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." *(Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 *(Polster).)* Therefore, even if we had a copy of the

3

May 2, 2024, order, we could not review it because Wife did not appeal from that order. Wife appealed from the February 5, 2024, order directing that the House be sold.

For the sake of addressing Wife's argument, we will apply her jurisdiction contention to the February 5, 2024, order. Specifically, did the family court have jurisdiction to order the sale of the marital home? Family Code section 2550 provides that the family court "in a proceeding for dissolution of marriage ... shall ... divide the community estate of the parties equally." "The court may make any orders the court considers necessary to carry out the purposes of this division." (Fam. Code, § 2553.)

The record reflects Wife petitioned the family court for dissolution of her marriage. Wife's petition vested the family court with jurisdiction to divide the marital property. (Fam. Code, § 2550.) Husband requested an order for the sale of the House because the House was at risk of foreclosure. Per Husband's request, the family court ordered the House sold so that if any profit could be made on the sale of the House, that profit could be divided. The family court had the jurisdiction to order the sale of the House due to Wife's petition for dissolution (Fam. Code, § 2550) and Husband's request for an order that the House be sold (Fam. Code, § 2553).

B.    CONSTITUTIONAL RIGHTS

Wife contends the family court's May 2, 2024, order directing her to vacate the House violated her 14th amendment due process right to not be deprived of property. (U.S. Const. Amend XIV, § 1.) The record does not include a copy of the May 2, 2024, order, which means we have nothing to review. *(Jameson, supra,* 5 Cal.5th at p. 609 [" '[[T]he appellant] has the burden of providing an adequate record'"].) Additionally, "[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order

4

appealed from." *(Polster, Inc. v. Swing, supra,* 164 Cal.App.3d at p. 436.) Wife appealed from the February 5, 2024, order-not the May 2, 2024, order.

Therefore, even if the clerk's transcript had included a copy of the May 2, 2024, order we would lack jurisdiction to review it.

If we were to review Wife's contention as applied to the February 5, 2024, order for the sale of the House, the contention would fail. The 14th Amendment provides: "No State shall ... deprive any person of ... property, without due process of law." (U.S. Const. Amend XIV, § 1.) " 'The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and the opportunity to meet it." ' " *(Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.)

On November 20, 2023, Husband requested an order directing the House be sold. A proof of service for Husband's request, reflecting Wife was served, was filed on November 28, 2023. A hearing on the request was held on February 5, 2024. During the hearing, the family court examined a foreclosure notice concerning the House and "inquire[d] of [Wife] regarding the [House]." The foregoing reflects Wife was given notice and an opportunity to be heard. Accordingly, Wife's contention fails because she was afforded due process prior to the family court ordering the sale of the House.

C.     JUDGE MURPHY

The Honorable Judge Cheryl Murphy presided over the case in the family court. On February 16, 2024, in the family court, Wife "demand[ed] proof' of Judge Murphy's oath of office.

5

On appeal, Wife contends that she "requested the documentation of Cheryl Murphy's surety bond and oath of office for her authority to act in her alleged legal capacity. After ten (10) days, Cheryl Murphy failed to provide any documentation to satisfy [Wife's] request." Wife contends Judge Murphy "lacked authority to make any judgment against [Wife]" because Judge Murphy is " 'not a judge.' "

" '[[T]he appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " *(Jameson, supra,* 5 Cal.5th at p. 609.) The record does not include a ruling by the family court on Wife's demand for proof. Without a ruling to review, we must resolve the issue against Wife.

Further, Wife is discussing an issue raised in the family court *after* the February 5, 2024, order specified in her notice of appeal. "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." *(Polster, supra,* 164 Cal.App.3d at p. 436.) Therefore, even if there is a ruling on Wife's demand and we had a copy of that ruling, then we would lack jurisdiction to address the issue.

If we were to apply Wife's contention to the February 5, 2024, order, the contention would fail. In Wife's appellant's opening brief, she asserts that her demand for proof is a petition for a writ quo warranto. "Quo warranto is the specific action by which one challenges 'any person who usurps, intrudes into, or unlawfully holds or exercises any public office.' (Code Civ. Proc., § 803.) It is the exclusive remedy in cases where it is available." *(Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225-1226.) Quo warranto actions must be brought by the Attorney General or

6

with the permission of the Attorney General.  *(Id* at pp. 1228-1229.)  Wife is not suing in the name of the People of the State of California and there is no indication she has the consent of the California Attorney General.  Accordingly, Wife's quo warranto contention fails.

## DISPOSITION

The February 5, 2024, order is affirmed.  Appellant is to bear her own costs on appeal.[1]  (Cal. Rules of Court, rule 8.278(a)(l).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                        J.

We concur:

McKINSTER _____
          Acting P. J.

MENETREZ _____
                              J.

_____

[1]  We do not award costs to respondent because he did not make an appearance in this court.